IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>      Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>      Defendant. | Case No. 3:23-cv-01092<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair Newbern |

**DECLARATION OF DAVID KOKAKIS
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, David Kokakis, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am Chief Counsel at Universal Music Publishing Group ("UMPG"). I have served in this role since 2018. In my capacity as Chief Counsel for UMPG, I manage the entire legal function, including all songwriter contract negotiations, music publishing catalog acquisitions, and other matters, for UMPG and its affiliated publishing entities. I also oversee UMPG's copyright department.

2. I submit this declaration on behalf of Plaintiffs Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., and Universal Music – Z Tunes LLC (collectively, the "UMPG Plaintiffs") in support of Plaintiffs' Motion for Preliminary Injunction.

3. I have knowledge of the facts stated herein based on personal knowledge through my employment with UMPG and my review of the documents and websites referenced herein. If called upon as a witness, I could and would testify competently to the information contained herein.

## THE UMPG PLAINTIFFS AND THEIR COPYRIGHTED WORKS

4. The UMPG Plaintiffs are music publishing companies, whose primary business is to seek out and develop songwriters to create, exploit, and distribute copyrighted compositions through publishing entities. The UMPG Plaintiffs are each part of Universal Music Publishing Group, and all are ultimately owned by Universal Music Group N.V.

5. The UMPG Plaintiffs own and/or control exclusive rights with respect to an extensive catalog of copyrighted musical compositions. The copyrights in these compositions protect both their lyrics and the underlying melodies, harmonies, and rhythms.

6. The UMPG Plaintiffs' exclusive copyright interests in their catalogs of musical compositions are their principal corporate assets and are central to their businesses. Accordingly, the UMPG Plaintiffs take steps to protect their copyrights, including through registration with the U.S. Copyright Office and by entering into signed agreements under which the UMPG Plaintiffs own or control the exclusive rights under copyright to any composition they exploit. The UMPG Plaintiffs have taken such steps for all of their compositions addressed herein.

7. In this case, the UMPG Plaintiffs are claiming infringement of the 421 musical compositions identified at lines 28-40, 65-66, 68-76, 78, 80-100, 102-20, 122-36, 138-48, 150-92, 194-205, 207-08, 210-11, 213-19, 222-26, 228-30, 232-34, 236-47, 249-51, 253-64, 266-70, 272-81, 283-85, 287-97, 299-308, 310-44, 346-47, 349-52, 354-479, and 481-500 in Exhibit A to the Complaint, ECF No. 1-3 (the "UMPG Works"), including, in particular, the lyrics contained in those compositions. These UMPG Works include iconic standards and hit pop songs alike, such as "American Pie," "Candle in the Wind," and "Moves Like Jagger."

8. The UMPG Plaintiffs own the entirety, or are the exclusive licensee in the United States, of one or more of the rights provided in 17 U.S.C. § 106 for the UMPG Works. The

2

UMPG Plaintiffs possess and exploit their exclusive rights, among other things, to reproduce and/or distribute the UMPG Works to the public, including the lyrics contained in those Works, and to license these exclusive rights, including the exercise of these rights over the internet.

9. The copyrights to the UMPG Works have been duly registered with the U.S. Copyright Office, and the corresponding copyright registration numbers are listed in Exhibit A to the Complaint. Many of these copyright registrations identify the UMPG Plaintiffs as a named claimant and/or author. Where the copyright registrations to the UMPG Works do not identify the UMPG Plaintiffs as a named claimant or author, the UMPG Plaintiffs have acquired their ownership interest in the compositions either by acquiring ownership or an exclusive license through their acquisition of, or merger with, another entity (i.e., as a successor-in-interest to the original named copyright claimant); and/or by acquiring ownership or an exclusive license from a third party via written agreement. The UMPG Plaintiffs have the right to assert claims for infringement of the UMPG Works in this case.

**THE UMPG PLAINTIFFS' LICENSING OF THEIR WORKS**

10. The UMPG Plaintiffs rely on a model of licensing, permission, and authorization, which ensures that the UMPG Plaintiffs and the songwriters they represent are compensated for authorized uses of their works and retain control over the exploitation of such works.

11. The UMPG Plaintiffs license the UMPG Works (along with various other musical compositions from UMPG's extensive catalog) and their accompanying lyrics for use in sound recordings, public performances, samples, printed sheet music, commercials, advertisements, motion pictures, television shows, lyric aggregators, lyric websites, and numerous other digital platforms and services. Through these licensing agreements, the UMPG Plaintiffs and their

partners offer consumers a variety of authorized means to enjoy the UMPG Plaintiffs' musical compositions.

12. The UMPG Plaintiffs have entered into various licensing agreements for the lyrics to the UMPG Works specifically. Among other things, the UMPG Plaintiffs have licensed lyrics to lyric "aggregators," such as LyricFind.com and Musixmatch.com. These lyric aggregators are granted the right to distribute the UMPG Plaintiffs' lyrics through their own websites, as well as the right to sublicense the UMPG Plaintiffs' lyrics to other lyric websites and digital services, subject to the UMPG Plaintiffs' prohibition on certain uses and/or right to object to certain sublicenses. Additionally, the UMPG Plaintiffs have also licensed directly to lyric websites, such as Genius.com, and to various other digital services, including Amazon Music, Apple Music, Meta, Snapchat, Spotify, and YouTube, among others. Through these licensed channels and others, authorized copies of the lyrics to the UMPG Works are widely disseminated and available to the public, allowing consumers to access and enjoy authorized copies of the lyrics to the UMPG Works in the form intended by their authors.

13. Because it is vital that the UMPG Plaintiffs protect the rights and artistic visions of their songwriters, these licensing agreements are limited in important ways. For instance, these licenses customarily require that licensees indicate that the licensed lyrics are protected by copyright and provide attribution, among other requirements, so that consumers understand the authors of the lyrics. These agreements also contemplate that the lyrics not be altered or combined with other lyrics, so as to respect the artistic choices of the UMPG Plaintiffs' songwriters. Furthermore, these licenses do not grant other entities apart from licensees the right to copy, distribute, or use the UMPG Plaintiffs' lyrics on their websites in any other way.

14. For purposes of this case, I have confirmed that the lyrics to the UMPG Works available on the lyric aggregator LyricFind.com are genuine and materially accurate.

15. Licensing for the use of musical compositions—including for use of lyrics in internet-based media—is an important revenue source for the UMPG Plaintiffs and a fundamental means by which their songwriters earn a living. The UMPG Plaintiffs depend on licensing and otherwise exploiting their exclusive rights under the Copyright Act, among others, to earn revenue from their catalogs of musical compositions to ensure that the songwriters they represent are compensated for the use of their songs, and to generate the resources to discover new songwriters.

16. When individuals or entities use the UMPG Plaintiffs' lyrics in violation of their rights, the UMPG Plaintiffs enforce those rights, either by individual action or through their trade organization.

17. The Mechanical Licensing Collective ("MLC")—a nonprofit organization established by the Music Modernization Act of 2018, and of which I am a member of the Board of Directors—maintains a publicly accessible database of copyrighted musical works that can be searched to identify, among other things, individual publishers' catalogs of copyrighted works. The MLC's database can be searched by work title, songwriter name, and publisher name. This database is accessible through the MLC website, and is also available in a bulk, machine/computer-readable format and through a widely available software application.

18. The UMPG Plaintiffs have never licensed the musical compositions listed in Exhibit A or any other compositions to Anthropic PBC ("Anthropic") for any purpose, nor has Anthropic ever attempted to secure such a license from the UMPG Plaintiffs.

## ANTHROPIC'S INFRINGEMENT AND THE HARM CAUSED TO UMPG

19. I have accessed Anthropic's publicly available Claude AI model. I have entered prompts into Anthropic's Claude relating to various UMPG compositions and have received responses from Claude that copy from the lyrics to certain of these compositions. I have also reviewed prompts entered by others and the Claude responses to those prompts that likewise copy the lyrics to UMPG compositions.

20. When Anthropic exploits the UMPG Works, including the lyrics contained in them, without a license, that unauthorized use undermines the value of the UMPG Works and the actual and potential licensing market for them. As explained above, there is a well-established market through which the UMPG Plaintiffs license the lyrics to the UMPG Works to be displayed on the internet, including through lyric aggregators, lyrics websites, and other digital services. When Anthropic disseminates the UMPG Plaintiffs' lyrics to the public through its Claude AI models without a license, the UMPG Plaintiffs are denied compensation for that use, and no royalties for that use are paid to songwriters.

21. Moreover, the market harm goes far beyond lost income. When Anthropic disseminates the UMPG Plaintiffs' lyrics to the public through its Claude AI models without a license, Anthropic is undermining the existing licensing market, thereby eroding demand for licenses, reducing the value of the UMPG Works, and damaging the UMPG Plaintiffs' ability to negotiate these licenses. These harms threaten to eliminate altogether one important source of the UMPG Plaintiffs' business.

22. Anthropic's unlicensed use of the UMPG Plaintiffs' lyrics also enables it to compete unfairly against those websites and digital services that properly license the UMPG Plaintiffs' lyrics, and discourages these legitimate websites and services from securing licenses

6

from the UMPG Plaintiffs in the future, further undermining the licensing market and value of the UMPG Plaintiffs' lyrics.

23. In doing so, Anthropic denies the UMPG Plaintiffs and their songwriters the hard-earned benefits of their creative endeavors. It is impossible to estimate the monetary losses the UMPG Plaintiffs have suffered, and will continue to suffer, as a result of Anthropic's unlicensed use of the UMPG Plaintiffs' lyrics. Allowing Anthropic's unlicensed use of the lyrics to the UMPG Works to become widespread would severely harm the value and market for these works.

24. More broadly, Anthropic's unauthorized use of the UMPG Works causes severe and irreparable harm to the UMPG Plaintiffs and the many songwriters they represent, in numerous other ways.

25. As an initial matter, by failing to license the content it is copying and distributing, Anthropic deprives the UMPG Plaintiffs and their songwriters of control over their copyrighted works. The ability to control their works is imperative to the UMPG Plaintiffs and the songwriters they represent. Indeed, songwriter approval is often required before the UMPG Plaintiffs license those songwriters' works. The UMPG Plaintiffs invest enormous resources and exercise great care in managing how, when, where, and by whom their copyrighted musical compositions—including the lyrics therein—are exploited. By denying the UMPG Plaintiffs control over their works, and preventing the UMPG Plaintiffs from exploiting their works on their own terms, Anthropic severely and irreparably harms the UMPG Plaintiffs.

26. Separately, where Anthropic fails to provide proper credit for the UMPG Plaintiffs' lyrics that it exploits, that causes further harm to the UMPG Plaintiffs and their songwriters. Along with control, credit is of supreme concern to the UMPG Plaintiffs and the songwriters they represent. Songwriters invest enormous talent and effort in the lyrics they

create, and it is tremendously important to them that they receive proper attribution for their creative works. As a result, the UMPG Plaintiffs take great pains to ensure that their songwriters are appropriately credited for their creative efforts. Indeed, as noted above, the UMPG Plaintiffs' licensing agreements for lyrics customarily require as a condition of the license that those licensees include proper attribution alongside licensed lyrics. By failing to provide such attribution, Anthropic denies the UMPG Plaintiffs and their songwriters the credit they deserve for their creative endeavors and investments in the works and the associated goodwill.

27. Moreover, when Anthropic mangles and distorts the UMPG Plaintiffs' lyrics, that causes further reputational harm to the UMPG Plaintiffs and the songwriters they represent. The lyrics to the UMPG Works are richly original works of creative expression; these lyrics are often deeply personal and meaningful to songwriters. That is one of the reasons that the UMPG Plaintiffs and their songwriters are so fiercely protective of these works and take so seriously their right to control the exploitation of the works. Where Anthropic's AI models generate output that misstates the UMPG Plaintiffs' lyrics, combines or "mashes up" those lyrics without permission in a manner that is inimical or inconsistent with the original lyrics, and/or misattributes this output to the UMPG Plaintiffs and its songwriters, that harms the reputations of the UMPG Plaintiffs and their songwriters and mutilates their artistic creations. For example, Claude generated an unauthorized mash-up of "Candle in the Wind" (written by Elton John and Bernie Taupin, and to which UMPG Plaintiff Polygram Publishing, Inc. owns the copyright) and "Baby Got Back," undermining the artistic integrity of each of those works by generating unintended lyrics such as "Like a candle in the wind / Bouncing merrily along / Your butt was bigger than them all." What's more, Claude also added unsolicited elements from "Goodbye Yellow Brick Road" (also written by Elton John and Bernie Taupin, and to which UMPG

Plaintiff Polygram Publishing, Inc. owns the copyright), including "Goodbye, yellow brick butt." Claude's copying and distortion of the UMPG Plaintiffs' lyrics in this manner causes immeasurable harm to the UMPG Plaintiffs, their songwriters, and their creative works.

28. Additionally, as noted above, Anthropic's unauthorized use of the UMPG Plaintiffs' lyrics erodes the artistic, cultural, and economic value of those lyrics and undermines the existing and potential markets for licensing lyrics. As a result of Anthropic's continued unlicensed use of the UMPG Plaintiffs' lyrics, existing licensees will be less likely to renew their licensing agreements, or could demand discounts to compete with Anthropic's unlawful use, while potential licensees will likely be discouraged from entering into such agreements. Anthropic's continued use of the UMPG Plaintiffs' lyrics without compensation also causes significant harm to third parties, including the legitimate lyric services that pay for licenses from the UMPG Plaintiffs. At the same time, Anthropic's unlicensed use is likely to diminish existing and potential licensees' trust in the UMPG Plaintiffs, causing further harm.

29. What's more, if Anthropic's unlicensed use of the UMPG Plaintiffs' lyrics is allowed to continue, it is likely to permanently tilt the balance in any future licensing discussions regarding AI training data away from the UMPG Plaintiffs and toward Anthropic and other AI developers, further impairing the UMPG Plaintiffs' ability to control their works and enter into future licensing agreements.

30. Finally, Anthropic's ongoing exploitation of the UMPG Plaintiffs' lyrics without permission also damages the UMPG Plaintiffs' relationships with songwriters. One of the UMPG Plaintiffs' core functions is to protect the compositions that their songwriters work so hard to create and to enforce the copyrights in those compositions. If Anthropic's unlawful activity is allowed to continue, it will damage the UMPG Plaintiffs' relationships with the songwriters they

represent, as well as those songwriters they might prospectively represent, by undermining songwriters' confidence in the UMPG Plaintiffs' ability to protect songwriters' interests.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

David Kokakis

Executed this 16TH day of November, 2023 in Los Angeles, California.

10

Case 3:23-cv-01092   Document 44   Filed 11/16/23   Page 10 of 11 PageID #: 278

# CERTIFICATE OF SERVICE

   I hereby certify that on November 16, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Aubrey B. Harwell III
Nathan C. Sanders
Olivia R. Arboneaux
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

Andrew Gass
Joe Wetzel
LATHAM & WATKINS, LLP
505 Montgomery St., Suite 2000
San Francisco, CA 94111
andrew.gass@lw.com
joe.wetzel@lw.com

Allie Stillman
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, NY 10020
alli.stillman@lw.com

Sy Damle
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington D.C. 20004
sy.damle@lw.com

            *s/ Steven A. Riley*