**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

        Plaintiffs,

        v.

ANTHROPIC PBC,

        Defendant.

Case No. 3:23-cv-01092

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair Newbern

## <u>STIPULATED PROTECTIVE ORDER</u>

Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC, and ABKCO Music, Inc. (each individually a "Publisher" and collectively, "Plaintiffs" or "Publishers") and Defendant Anthropic PBC ("Anthropic") (collectively, the "Parties") have stipulated to this protective order for the purpose of engaging in discovery in this case, including in connection with the preliminary injunction briefing ordered by the Court on December 1, 2023. *See* ECF No. 57. However, Anthropic does not consent to jurisdiction or proper venue in the United States District Court for the Middle District of Tennessee by virtue of entering into this stipulated protective order with Plaintiffs and does not waive, and expressly reserves, its rights to have this case dismissed, or in the alternative transferred, per Anthropic's pending motion to dismiss. *See* ECF No. 54.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon the stipulation of Plaintiffs and Defendant, good cause having been shown, it is hereby ORDERED:

1

## DEFINITIONS

1.  A "Designating Party" is any person, natural or legal, that produces, discloses, or otherwise makes available information or material (including, without limitation, digital files and/or physical objects) for use in this litigation, *Concord Music Group, Inc. v. Anthropic PBC*, No. 3:23-cv-01092 (M.D. Tenn. filed Oct. 18, 2023), including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or court order, that designates information or material that it produces, discloses, or otherwise makes available as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PROTECTED COPYRIGHTED MATERIAL."[1]

2.  An "Expert" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

3.  A "Producing Party" is any person, natural or legal, that produces, discloses, or otherwise makes available information or material for use in this litigation, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or court order.

4.  A "Receiving Party" is any person, natural or legal, that receives or otherwise has access to information or material a Producing Party has produced, disclosed, or otherwise made

---

[1] This Protective Order and the accompanying Protocol for Producing Documents and Electronically Stored Information ("ESI Protocol") each refer to information that is "otherwise made available" by means other than a formal production that conforms to the formatting standards of the ESI Protocol, such as confidential information that is disclosed as part of an informal meet-and-confer communication between the Parties. The references in these documents to information "otherwise made available" does not, in itself, authorize the parties to provide required discovery by any means other than a formal production that complies with the requirements of the Federal Rules of Civil Procedure, this District's Local Rules, this Protective Order, and the accompanying ESI Protocol.

available for use in this litigation, including any party to this action and any agent or employee of any party.

5. "Protected Information" means any information of any type, kind, or character that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ˜ATTORNEYS' EYES ONLY" by any of the Producing or Receiving Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

6. "Protected Content" means any material (including, without limitation, digital files and/or physical objects) and the content therein, of any type, kind, or character that is designated as "PROTECTED COPYRIGHTED MATERIAL" by any of the Producing or Receiving Parties.

7. "Protected Material" means, collectively, Protected Information and Protected Content.

8. "Qualified Persons" means:

a. For HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Information and Protected Content:

    i. retained counsel for the parties in connection with this litigation and their support personnel;

    ii. specifically enumerated in-house litigation counsel, designated by the party in writing, whose access to the information is reasonably required to supervise, manage, or participate in this case, including support personnel, subject to the exception in paragraph 23 below;

    iii. actual or potential independent experts or consultants (and retained counsel's respective support personnel) engaged in connection with this litigation. Prior to disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information or Protected Content (other than the information produced, disclosed, or otherwise made available by a Producing Party that has itself retained the independent expert or consultant), such persons must execute Attachment A agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and must have been disclosed in writing by notice to all counsel as a

3

recipient of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and Protected Content; provided, however, that such persons shall not receive HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information or Protected Content prior to the expiration of the two business day objection period set forth in paragraph 33 and resolution of any challenge thereunder. Independent experts or consultants under this paragraph shall not include current employees, officers, directors or agents of parties or affiliates of parties.

iv. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

v. litigation vendors and court reporters;

vi. any person who was an author or recipient of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information and who agrees to keep the information confidential; and

vii. any person with consent of the Designating Party.

b. For CONFIDENTIAL Information:

i. the persons identified in subparagraph 8(a);

ii. such officers, directors, or employees of a party who are actively involved in the prosecution or defense of this case;

iii. any person who was an author or recipient of the CONFIDENTIAL information and who agrees to keep the information confidential; and

iv. such other person as the parties may designate by mutual agreement or as this Court may designate after notice and an opportunity to be heard.

## DESIGNATION CRITERIA

9. *Non-Protected Material.* Protected Material shall not include information that either:

a. is in the public domain at the time of disclosure;

b. becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document;

c. the Receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure; or

d. lawfully comes into the Receiving Party's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such source did not obtain the information in violation of this Order or any other duty

4

owed to any other person(s).

10. *CONFIDENTIAL Information.* A Producing Party may designate as CONFIDENTIAL only such information that the Producing Party in good faith believes in fact is nonpublic, sensitive, or proprietary information, the disclosure of which could harm the privacy or business interests of any person. A Producing Party shall not designate as CONFIDENTIAL information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like. A Producing Party may designate as CONFIDENTIAL information and documents that qualify for protection under Federal Rule of Civil Procedure 26(c), including, without limitation, technical, sales, marketing, financial, research and development, or other commercially sensitive information, or any information that is required by law or agreement to be kept confidential. A Producing Party may designate as CONFIDENTIAL correspondence and other communications and documents between the parties or with nonparties if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

11. *HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.* A Producing Party may designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY particularly sensitive information that the Producing Party believes in good faith cannot be disclosed without creating a substantial risk of harm to the Producing Party, its personnel or customers, or other individuals. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes, without limitation, information relating to current or future products, proprietary and nonpublic intellectual property (including, without limitation, planned or unpublished intellectual property applications), proprietary marketing, distribution, adoption, research and development, or other data/information, strategic or business plans, competitive analyses, agreements requiring confidential treatment, customer relationships, merchant relationships, personnel files, settlement

agreements or communications, internal playbooks, policies, and procedures, trade secrets, proprietary software or source code, network security details, data security information, and financial, sales, or pricing data as well as other sensitive information that, if not restricted as set forth in this order, may subject the Producing Party or its personnel, customers, or merchants to personal, competitive, or financial injury or potential legal liability to third parties.

12. *HIGHLY CONFIDENTIAL – SOURCE CODE.* A Producing Party may designate as HIGHLY CONFIDENTIAL – SOURCE CODE extremely sensitive "CONFIDENTIAL Information" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information" if it comprises or includes confidential, proprietary, or trade secret source code or algorithms, disclosure of which to another party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means, including computer code and associated comments and revision histories, annotations, files, programmer notes, pseudo-code, algorithms, formulas, engineering specifications, schematics, model weights and biases, hyperparameters, proprietary or other files or data that define or otherwise describe in detail the algorithms or structure of software, hardware, or artificial intelligence model designs, or technical design documentation that comprises, includes, explains, or substantially discloses source code or algorithms. The parties are continuing to discuss the treatment and disclosure of material designated as HIGHLY CONFIDENTIAL – SOURCE CODE under this stipulated protective order. The parties anticipate that they will either propose agreed-upon language on this topic to be added to this stipulated protective order or, as needed, bring any remaining disputes about the treatment and disclosure of such material to the Court at the appropriate time.

13. *PROTECTED COPYRIGHTED MATERIAL.* A Designating Party may designate as PROTECTED COPYRIGHTED MATERIAL any material (including a digital file or physical object) and the content therein, that, in whole or in part, represents a copy of Plaintiffs'

Copyrighted Works listed in Exhibit A to the Complaint. A digital file, physical object, or other material may be designated as PROTECTED COPYRIGHTED MATERIAL regardless of whether any information the material contains is eligible to be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE. Any digital file, physical object, or other material, and the content therein, designated as PROTECTED COPYRIGHTED MATERIAL shall constitute Protected Content under this Order.

14. *Redaction of Personally Identifiable Information.* Any Producing Party may redact any personally identifiable information that can be utilized to reasonably infer the identity of an individual to whom the information applies or is otherwise protected by law, including but not limited to individuals (including, without limitation, customers', authors', subscribers', or merchants') personally identifiable information, except to the extent disclosure of such information is necessary to the claims and defenses of any Party. Redactions for personally identifiable information shall be clearly marked as such.

15. *Manner and Timing of Designations.* Except as otherwise provided in this Order, or as otherwise stipulated or ordered, any information or material that qualifies for protection under this Order must be clearly so designated before the information or material is produced, disclosed, or otherwise made available.

16. *Right to Seek Additional Protections.* This Order is entered without prejudice to the right of any Producing Party to seek additional protections from the Court as may be necessary under the circumstances.

## DURATION

17. Even after final disposition of the above-captioned action, the obligations imposed by this Order, subject to Defendant's reservation of its objections to jurisdiction and venue as set

forth in its pending motion to dismiss or transfer venue, shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (l) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## USE OF PROTECTED MATERIAL

18. *Protected Information*. All Protected Information produced, disclosed, or otherwise made available by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of the above-captioned litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.

19. *Protected Content*. All Protected Content produced, disclosed, or otherwise made available in the course of this litigation that is designated as PROTECTED COPYRIGHTED MATERIAL shall be used solely for the purpose of preparation, trial, and appeal of the above-captioned litigation and for no other purpose. With respect to any passwords provided for access to a portal where material designated as PROTECTED COPYRIGHTED MATERIAL is made available, any Receiving Party that receives such passwords will be responsible for keeping such passwords secure, for limiting access to the passwords, and for any activity conducted using its passwords.

## IDENTIFICATION AND MARKING OF DOCUMENTS

20. Documents provided in this litigation may be designated by the Producing Party or by any party as Protected Information by marking each page of the documents so designated with a

stamp indicating that the information is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." In lieu of marking the original of a document, if the original is not provided, the Designating Party may mark the copies that are provided. Originals shall be preserved for inspection. Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party as Protected Information by labeling the file name as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If a hard copy of a document produced natively is used in the case as an exhibit or otherwise the party using it shall mark each page as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

21. Digital files, physical objects, and/or other material produced, disclosed, or otherwise made available may be designated by the Producing Party or by any party as Protected Content by, in the case of a digital file, labeling the folder containing the digital file as HIGHLY CONFIDENTIAL – SOURCE CODE or PROTECTED COPYRIGHTED MATERIAL, or, in the case of a physical object or other material, affixing a label to the object stating that the object is HIGHLY CONFIDENTIAL – SOURCE CODE or PROTECTED COPYRIGHTED MATERIAL.

## DISCLOSURE OF PROTECTED MATERIAL

22. Documents or information designated as Protected Information or Protected Content shall be disclosed only to Qualified Persons of each respective designation.

23. *Cross-Disclosure of Plaintiffs' Highly Confidential Information*. Notwithstanding the above, Defendant may not disclose, summarize, describe, reveal, or otherwise make available in

9

whole or in part any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information of one Plaintiff to any representative of another Plaintiff, including in-house designees, employees, or witnesses.

24. *Disclosure of Protected Information at Depositions*.

a.   Information disclosed at (i) the deposition of a party or one of its present or former officers, directors, employees, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation or (ii) the deposition of a nonparty may be designated by any party as Protected Information by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and is subject to the provisions of this Order.

b.   Any party also may designate information disclosed at a deposition as Protected Information by notifying all parties in writing not later than twenty-two (22) calendar days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Protected Information thereafter. All deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for a period of twenty-two (22) calendar days after initial receipt of the final transcript. If a Party requires expedited disclosure due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Information in question, the concerned party shall negotiate in good faith for a shortened expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

c.   Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Protected Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Information is being used or discussed.

d. To the extent possible, the court reporter shall segregate into separate transcripts information designated as Protected Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Protected Information shall have page numbers that correspond to the blank pages in the main transcript.

25. *Third-Party Productions.* Any party may also designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or designate as PROTECTED COPYRIGHTED MATERIAL, any material pertaining to that party which is produced, disclosed, or otherwise made available in this suit by nonparties pursuant to requests for production, depositions on written questions, or otherwise, by notifying all parties in writing within fifteen (15) calendar days after the provision of such information or material. Any nonparties who produce, disclose, or otherwise make available documents, information, or material in this suit pursuant to requests for production, depositions on written questions, or otherwise may also designate such documents or information as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Information or such material as PROTECTED COPYRIGHTED MATERIAL by notifying all parties in writing within fifteen (15) calendar days after the provision of such documents or information. Upon receiving any such notices, all parties shall mark each page of any documents or copies containing such information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," or label such material as "PROTECTED COPYRIGHTED MATERIAL" (according to the requested designation in the notice) and all such information and material shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,

HIGHLY CONFIDENTIAL – SOURCE CODE, or PROTECTED COPYRIGHTED MATERIAL hereunder.

26. *Consent to Disclosure.* Nothing in this order shall prevent disclosure beyond the terms of this Order if each party designating the information and/or material as Protected Material consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.

27. *Use in Examination*. Nothing in this Order shall prevent any counsel of record from utilizing Protected Material in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Protected Material, or whom has otherwise represented or disclosed that they received, viewed, or otherwise became aware of the document and/or its contents, irrespective of which party produced such Protected Material. Nothing herein shall limit in any way a producing party's right to use or disclose its own Protected Material for any purpose.

28. *Disclosure in Mediations, Hearing and Trial*. Protected Material may be disclosed or otherwise made available in any mediation, settlement conference, hearing, and the trial of this case without any requirement that the mediator, Court, Court officials, those persons impaneled as potential jurors or those persons comprising the actual jury sign any written agreement to be bound by the terms of this Protective Order. At any public hearing or trial, a party may make requests to the Court to take steps to protect the confidentiality of Protected Information to the extent appropriate and practicable.

29. *Disclosure to Qualified Persons*

a. A Receiving Party shall not disclose or make available Protected Material to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure

12

compelled by law or court order, the Receiving Party will so notify the Producing Party as promptly as practicable prior to making such disclosure, to provide the Producing Party with adequate opportunity to object to the disclosure or seek appropriate protections, such as application of this Protective Order, in the court of competent jurisdiction unless such action is not permitted by the court or applicable law or possible within the timeframe for disclosure compelled by law or court order. If such action is not permitted or is not possible, the Receiving Party shall seek an agreement to treat such information as confidential in accordance with this Order.

     b. Notwithstanding the restrictions on use in this Order, any party may disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to (i) any employee of the Producing Party; (ii) any person, regardless of affiliation with the Producing Party, who authored the information; and (iii) any person who received the information before this case was filed. Any party is free to use its own Protected Information for any purpose, and no use by the Designating Party shall affect or otherwise act as a waiver with respect to the confidential status of that information so long as the Protected Information has not been publicly disclosed.

     c. Any party is free to use its own Protected Content for any purpose, and no use by the Designating Party shall affect or otherwise act as a waiver with respect to any rights the Designating Party owns in the Protected Content.

**<u>FAILURE TO DESIGNATE</u>**

     30. Information and material unintentionally produced, disclosed, or otherwise made available without designation as Protected Material later may be designated and shall be treated as Protected Material under the terms of this Order from the date written notice of the designation

13

is provided to the Receiving Party. Inadvertent failure to designate Protected Material shall not constitute a waiver of such a claim and may be corrected by such supplemental written notice to the Receiving Party. A party who disclosed Protected Material that is subsequently designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or PROTECTED COPYRIGHTED MATERIAL shall in good faith assist the Producing Party in its efforts to retrieve such Protected Material from all recipients not entitled to receive such Protected Material under the terms of this Order.

## UNAUTHORIZED DISCLOSURES

31. If a Receiving Party learns of any unauthorized disclosure of Protected Material, by inadvertence or otherwise, that Receiving Party shall: (a) promptly upon learning of such disclosure inform the Producing Party of such disclosure in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order, and (d) make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

## CHALLENGING THE DESIGNATION OR DISCLOSURE

32. *Protected Material*. A party shall not be obligated to challenge the propriety of a designation of Protected Material at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. If any party to this litigation disagrees at any stage of these proceedings with the designation of any information or material as Protected Material, the parties shall first try to resolve the dispute in good faith through the meet-and-confer process, which may include the production of redacted copies. While any motion concerning Protected Material is pending, the disputed information or material shall remain Protected Material subject to all terms of this Order, including Paragraph 35 below, unless and until the Court orders otherwise.

14

33. *Disclosure to Qualified Persons*. In the event that any party in good faith disagrees with the disclosure of particular Protected Material to an actual or potential independent expert or consultant (and their respective support personnel) (*see* paragraph 8(a)(iii)), the objecting party must serve, within two (2) business days of notice of such designation, a written objection stating grounds upon which the objecting party contends the disclosure of particular Protected Material would result in serious harm to the objecting party. The parties shall first try to resolve the dispute in good faith on an informal basis by meeting within two (2) business days of the objection. If the dispute cannot be resolved, the objecting party shall have two (2) business days from the date of the meet-and-confer to move the Court for an order denying the Qualified Person access to particular Protected Material. The objecting party shall have the burden of demonstrating that disclosure to the disputed person of the particular Protected Material would result in serious harm to the objecting party. The non-objecting party shall respond to the motion within two (2) business days. All filings shall be by letter motion or letter response not to exceed three (3) single-spaced pages, no reply shall be permitted, and the parties will seek to be heard on the motion at the earliest date the Court is available. Upon the timely service of such an objection, the Qualified Person at issue shall not receive any Protected Material that is the subject of such objection until either (i) the time period to move the Court for an order denying the Qualified Person access to particular Protected Material expires without any such motion being filed, or (ii) the Court resolves any such timely filed motion.

34. *Disclosure to Non-Qualified Persons*. If a Receiving Party in good faith contends that certain Protected Material should be shared with any non-Qualified Person(s), such Receiving Party may make such request in writing to the Producing Party. The parties shall first attempt to resolve the request for such exception in good faith. In the event a dispute over a non-Qualified Person's access to Protected Material cannot be resolved informally, the party seeking an

exception to allow a non-Qualified Person's to access Protected Material may seek relief from the Court. The party seeking such exception shall have the burden of demonstrating that disclosure to the non-Qualified Person is necessary and would not subject the Producing Party to a risk of serious harm. No disclosure of Protected Material shall be made to a non-Qualified Person unless and until the Court enters an order permitting such disclosure.

### FILING OF PROTECTED MATERIAL

35. In the event a party wishes to use any Protected Material in any affidavits, declarations, briefs, memoranda of law, or other papers filed with the Court in this action, the filing party may first request permission from the Producing Party to de-designate the Protected Material for public filing, if appropriate. Unless the Producing Party agrees to de-designate the Protected Material at issue, the filing party shall seek an order from the Court to file the document (or a portion of the document) or other material under seal pursuant to Local Civil Rules 5.03(a), 7.01(a), and any other order in this case.

### RETURN OF DOCUMENTS

36. Not later than 120 calendar days after conclusion of this litigation and any appeal related to it, any Protected Material, all reproductions of any Protected Material, and any notes, summaries, or descriptions of Protected Material in the possession of any of the persons specified in paragraph 8 (except subparagraph 8(a)(iv)-(v)) shall be returned to the Producing Party or destroyed, except as the parties may otherwise agree or this Court may otherwise order. Notwithstanding this obligation to return or destroy Protected Material, counsel may retain pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, including document indices, but such work product shall remain subject to this Order. Counsel are not required to delete information that may reside on disaster recovery, business continuity, or other electronic back-up systems or stored in archived departed employee data, to

16

the extent such information is not readily accessible and would be unduly burdensome to locate and remove; however, the parties agree that no Protected Material shall be retrieved from the electronic back-up systems after conclusion of this litigation and any related appeals. Counsel and Parties shall also not be required to delete material that is subject to legal hold obligations or commingled with other such material.

## ONGOING OBLIGATIONS

37. Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information or material protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the Producing Party or order of the Court with respect to dissolution or modification of this, or any other, protective order. This Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order to enforce the Order's provisions.

## REQUESTS FROM THIRD PARTIES

38. If, during the pendency of this Action or the 120-day period after the conclusion of this Action described in Paragraph 33 above, a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or material designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED COPYRIGHTED MATERIAL," that Party must:

a. promptly notify in writing the Designating Party so that the Designating Party may object to the disclosure or seek appropriate protections, such as application of this Protective Order, in the court of competent jurisdiction for the other litigation, unless such action is not

permitted by the court or applicable law. Such notification shall include a copy of the subpoena or court order; and

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order; cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with subpoena or court order shall not produce any information or material designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED COPYRIGHTED MATERIAL" before determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

39. *Other Proceedings.* By entering this order and limiting the disclosure of information and content in this action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED COPYRIGHTED MATERIAL" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## ADVICE TO CLIENTS

40. This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to such client the attorney's

evaluation in a general way of Protected Information produced, disclosed, or otherwise made available under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Information produced, disclosed, or otherwise made available by another party, nor make available any Protected Content, if such disclosure would be contrary to the terms of this Protective Order.

## DUTY TO ENSURE COMPLIANCE

41. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order. This Order shall be binding upon and inure to the benefit of the parties and their successors-in-interest.

## INADVERTENT PRODUCTION

42. In addition to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the parties agree that the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege. Upon learning of such inadvertent production, the Producing Party shall promptly notify the Receiving Party following the discovery of the production, and the Receiving Party shall:

   a.   immediately cease the review and use of the privileged information, except to the extent necessary to determine and/or contest the privilege in connection with a motion (which shall be filed under seal pursuant to the Court's procedures); and

b. if the Receiving Party does not challenge the privilege assertion, the Receiving Party shall return to the Producing Party or immediately destroy such inadvertently produced or disclosed documents or information, including all copies thereof. The Receiving Party shall also immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information. Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that the privileged information has been destroyed subject to the terms of this Order.

43. Likewise, if a Producing Party inadvertently or otherwise produces any material that is not relevant to the claims or defenses of any Party, the Producing Party shall promptly notify the Receiving Party following the discovery of such production, and the Receiving Party shall:

a. immediately cease the review and use of the material, except to the extent necessary to determine and/or contest the relevance in connection with a motion (which shall be filed under seal pursuant to the Court's procedures); and

b. if the Receiving Party does not challenge the assertion, return to the Producing Party or destroy the material, forthwith, as well as any and all copies thereof and any references to the inadvertently produced material, to the extent such references exist in other materials prepared by the Receiving Party. Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that the irrelevant information has been destroyed subject to the terms of this Order.

44. No use shall be made of such inadvertently produced privileged or irrelevant documents or information in discovery, in deposition, in court filings or at trial. Nor shall such documents or information be shown to anyone, after a request for their return, who is not entitled to have access to them. The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion

shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose, summarize, characterize, or otherwise use the content of the inadvertently produced document or information (beyond any nonprivileged information sufficient to provide the Court with necessary context to resolve the motion). The Receiving Party must sequester any discovery item claimed to be subject to the attorney-client privilege, work product doctrine, or any other privilege or claimed to be irrelevant if the Receiving Party intends to move the Court for a ruling the document was never privileged or protected, or is relevant, unless and until the Court determines whether the document is privileged or protected or relevant.

## RIGHT TO ASSERT OTHER OBJECTIONS

45. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or material item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the information or material covered by this Order.

## MODIFICATIONS AND EXCEPTIONS

46. Any party may seek an order of this Court modifying this Protective Order or granting an exception to it. A party seeking an exception to this Order shall bear the burden of establishing the need for such exception and that the Producing Party will not be substantially harmed thereby.


It is SO ORDERED this ___5th___ day of ____January____, 2024.


/s/ Alistair Newbern
Alistair Newbern
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., | |
| Plaintiffs, | Case No. 3:23-cv-01092 |
| v. | |
| ANTHROPIC PBC, | Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair Newbern |
| Defendant. | |
| | **Attachment A** |

**UNDERTAKING OF** _____

I, _____ [name], state the following under penalties of

perjury as provided by law:

I am _____ [position] for _____ [employer].

I will be receiving CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE Information and/or

PROTECTED COPYRIGHTED MATERIAL that is covered by the Stipulated Protective Order

governing this case and entered by the Court on _____, 20__. I have read the

Stipulated Protective Order and I understand that the CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL – ATTORNEYS'           EYES           ONLY           and/or           HIGHLY

CONFIDENTIAL – SOURCE CODE Information and/or PROTECTED COPYRIGHTED

MATERIAL is provided or otherwise made available pursuant to the terms and conditions in that

Order.

I agree to be bound by the Stipulated Protective Order. I agree to use the CONFIDENTIAL

i

and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE Information and/or PROTECTED COPYRIGHTED MATERIAL solely for purposes of this case. I understand that neither the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE Information, nor any notes concerning same, nor any PROTECTED COPYRIGHTED MATERIAL, may be disclosed to anyone that is not bound by the Stipulated Protective Order. I agree to return the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE Information, any notes concerning such information, and/or PROTECTED COPYRIGHTED MATERIAL to the attorney for the producer of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE Information and/or PROTECTED COPYRIGHTED MATERIAL or to destroy the information and material and any notes at the attorney's request as required by the Stipulated Protective Order.

I submit to the jurisdiction of the Court that issued the Stipulated Protective Order for purposes of enforcing that order. With respect to the enforcement of the Stipulated Protective Order, I explicitly waive any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

Signature: _____

Name:

Title:

Date:

Dated: January 4, 2024

Respectfully submitted,

/s/ Aubrey B. Harwell III
Aubrey B. Harwell III (No. 017394)
Nathan C. Sanders (No. 33520)
Olivia R. Arboneaux (No. 40225)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: 615.244.1713
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

Joseph R. Wetzel
Andrew M. Gass
(admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600
joe.wetzel@lw.com
andrew.gass@lw.com

Allison L. Stillman
(admitted *pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864
alli.stillman@lw.com

Sarang V. Damle
(admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
sy.damle@lw.com

*Attorneys for Defendant*

/s/ Steven A. Riley
Steven A. Riley (No. 6258)
Tim Harvey (No. 21509)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
sriley@rjfirm.com
tharvey@rjfirm.com

Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

Richard S. Mandel
Jonathan Z. King
Richard Dannay
COWAN, LIEBOWITZ & LATMAN, P.C.
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, I authorized the electronic filing of a true and exact copy of the foregoing Proposed Stipulated Protective Order with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to counsel of record.

*/s/ Steven A. Riley*

Steven A. Riley