IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., *Plaintiffs*, v. ANTHROPIC PBC, *Defendant*. | Case No. 3:23-cv-01092 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair Newbern |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Fed. R. Civ. P. 5.2(d), Local Rules 5.03 and 7.01, Administrative Order 167-1, and the Stipulated Protective Order (the "Protective Order") entered in this case (ECF No. 62), Defendant Anthropic PBC ("Anthropic") respectfully asks this Court for leave to file under seal an unredacted version of its Opposition to Plaintiffs' Motion for Preliminary Injunction (the "Opposition"), the supporting declarations of Jared Kaplan, Julia Lowd, Steven Peterson, and Dawn Hall, and certain exhibits thereto. Plaintiffs take no position as to Section I below, and join in Anthropic's request to seal as to Sections II and III below. Anthropic will simultaneously file redacted versions of its Opposition and the above-referenced declarations and exhibits on the public docket.

## LEGAL STANDARD

While a presumption of openness attaches to court records, the Sixth Circuit recognizes that sealing may be appropriate where the requesting party demonstrates a "compelling reason" for doing so and the request to seal is "narrowly tailored to serve that reason." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). To support

1

sealing, the proponent for sealing must analyze "the propriety of secrecy" with respect to each document in detail. *Shane Grp.*, 825 F.3d at 305–06 (citation omitted).

# ARGUMENT

## I. DOCUMENTS CONTAINING ANTHROPIC'S SENSITIVE BUSINESS INFORMATION

Anthropic seeks leave to file its unredacted Opposition, the Kaplan Declaration and certain attached exhibits, the Hall Declaration and attached exhibits, and the Peterson Declaration under seal because they contain Anthropic's trade secrets and sensitive business information. Defendants' Opposition, along with the Kaplan and Peterson declarations contain proprietary business information concerning Anthropic's training of its AI models, as well as competitively sensitive information about Anthropic's strategic business decisions and processes in developing those models and their technical guardrails.

The information in these documents that Anthropic seeks to file under seal includes: (1) the precise number of tokens used to train Anthropic's AI models; (2) details about the development and costs of future models; and (3) information regarding the creation and technical implementation of Anthropic's guardrails against copyright infringement. All of this information—which relates either to the proprietary details of Anthropic's training corpora used to develop its cutting-edge AI models or the technological tools it uses to mitigate harmful outputs—is protected by both California and Tennessee trade secret law. *See* Cal. Civ. Code §§ 3426–3426.11; Tenn. Code Ann. § 47-25-1702(4).[1] More specifically, the number of tokens used to train Anthropic's AI models is highly confidential and its secrecy is maintained and protected by Anthropic. Disclosure of this information would undermine Anthropic's competitive

---

[1] Anthropic reserves all rights related to the personal jurisdiction defense raised in its pending Motion to Dismiss or Transfer, ECF No. 54.

position in the marketplace. Similarly, the timeline and engineering efforts related to the development and cost of future versions of Anthropic's models are not publicly known and, if disclosed, would reveal critical information about Anthropic's strategic priorities. Finally, the technical details of how Anthropic's guardrails function are proprietary, and their public disclosure would risk revealing key technological processes to competitors and bad actors seeking to circumvent those measures. Courts routinely grant motions to seal on the grounds of keeping trade secrets and proprietary business information confidential. *See Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) ("[T]he existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents . . ."); *Anatomic & Clinical Lab'y Assocs., P.C. v. Cigna Health & Life Ins. Co.*, 2023 WL 3690091, at *2 (M.D. Tenn. May 26, 2023) (sealing exhibits containing trade secrets); *cf. Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983) (trade secrets are "a recognized exception to the right of public access to judicial records"). This Court should reach the same conclusion here.

Anthropic's request to seal these documents is "narrowly tailored." *See Shane Grp.*, 825 F.3d at 305. Anthropic does not request to seal these documents in their entirety. Rather, Anthropic seeks redaction of only that information necessary to protect the company's proprietary and competitively sensitive information—to wit, only a small portion of the documents. The vast majority of these documents would remain publicly available on the docket. *See Lipman v. Budish*, 974 F.3d 726, 754 (6th Cir. 2020) (observing that where the information sought to be shielded from public view accounts for a small portion of the filing, "redaction ... is the answer"); *Elmy v. W. Express, Inc.*, 2021 WL 6496867, at *2 (M.D. Tenn. Sept. 1, 2021) (finding a proposed seal narrowly tailored where "[o]nly minor sections" of the brief were redacted and those redactions did "not impact the public's ability to understand the document").

Plaintiffs take no position as to Anthropic's request to seal its sensitive business information.

## II. DOCUMENTS REFERENCING PERSONAL IDENTIFYING INFORMATION

Anthropic also seeks leave to file under seal the Lowd Declaration, the Kaplan Declaration, and the Gass Declaration and exhibits because they contains Plaintiffs' and their agents' personal identifying information ("PII"). In discussing individuals associated with Plaintiffs who created Anthropic user accounts and assented to Anthropic's Terms of Service, the Lowd Declaration references personal email addresses attributable to Plaintiffs or Plaintiffs' agents. Anthropic seeks to file certain of the exhibits attached to the Kaplan declaration under seal for the same reason: they contain the name and email address of one of Plaintiffs' agents. Likewise, certain exhibits to the Gass Declaration include the cell phone numbers of Anthropic and Plaintiffs' counsel. District courts in this Circuit "regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information, including email addresses and phone numbers." *Schnatter v. 247 Grp., LLC*, 2022 WL 188193, at *2 (W.D. Ky. Jan. 20, 2022) (quoting *Ohio A. Philip Randolph Inst. v. Householder*, 2019 WL 3287985, at *2 (S.D. Ohio Mar. 2, 2019)); *see also In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) ("[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know."). Plaintiffs' and their agents' privacy interests in their PII clearly outweighs any public interest in disclosure of the email addresses associated with particular Anthropic user accounts.

Plaintiffs join in Anthropic's request to seal personal identifying information and agree that good cause exists to redact Plaintiffs' and their agents' personal identifying information as requested for privacy reasons.

## III. DOCUMENTS REFERENCING PLAINTIFFS' CONFIDENTIAL INFORMATION

Finally, the Declaration of Dawn Hall references non-public documents produced by Plaintiffs that were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. This designation signifies that Plaintiffs believe in good faith that the information contained therein is "particularly sensitive information" and that its disclosure would create "a substantial risk of harm to [Plaintiffs], its personnel or customers, or other individuals." Protective Order ¶ 11. Accordingly, pursuant to paragraph 35 of the Protective Order, Anthropic seeks to redact the portions of the Hall Declaration that references these documents and file an unredacted version under seal. *Id.* ¶ 35.

Plaintiffs join in Anthropic's request to seal references to their non-public documents and agree that good cause exists to file the specified documents under seal, including for the following specific reasons:

- Documents ABKCO_0001-0020; 0025-0368 constitute copies of 19 commercial license agreements and/or amendments between Plaintiff ABKCO and 14 third parties, designated Highly Confidential—Attorneys' Eyes Only by Plaintiffs under the Protective order. These documents, which are maintained as highly confidential by the parties to the agreements, contain an assortment of highly commercially and competitively sensitive information, including pricing data, strategic or business plans, and/or negotiated settlement agreements. Public disclosure of these agreements would subject Plaintiff ABKCO to competitive and financial injury and subject it to legal liability to third parties.

- Documents CONCORD_0001-0135; 0140 constitute copies of 23 commercial license agreements and/or amendments between Plaintiff Concord and six third

parties, designated Highly Confidential—Attorneys' Eyes Only by Plaintiffs. These documents, which are maintained as highly confidential by the parties to the agreements, contain an assortment of highly commercially and competitively sensitive information, including pricing data, strategic or business plans, and/or negotiated settlement agreements. Public disclosure of these agreements would subject Plaintiff Concord to competitive and financial injury and subject it to legal liability to third parties.

- Documents UMPG_0001-0047; 0053-0066 constitute copies of five commercial license agreements and/or amendments between Plaintiffs Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC, and three third parties, designated Highly Confidential—Attorneys' Eyes Only by Plaintiffs. These documents, which are maintained as highly confidential by the parties to the agreements, contain an assortment of highly commercially and competitively sensitive information, including pricing data, strategic or business plans, and/or negotiated settlement agreements. Public disclosure of these agreements would subject Plaintiff Universal to competitive and financial injury, as well as subject it to legal liability to third parties.

## **CONCLUSION**

For the reasons set forth in this Memorandum, Defendant Anthropic respectfully requests leave to file its Opposition, the declarations of Jared Kaplan, Julia Lowd, Steven Peterson, Dawn Hall, and Andrew Gass and the exhibits attached thereto, under seal and to file redacted versions on the public docket. Plaintiffs join in this request as to Sections II and III above.

<u>Dated</u>:  January 16, 2024

Respectfully submitted,

**NEAL & HARWELL, PLC**

<u>/s/ *Aubrey B. Harwell III*   </u>
Aubrey B. Harwell III (BPR # 17394)
Nathan C. Sanders (BPR # 33520)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

**LATHAM & WATKINS LLP**
Joseph R. Wetzel (*pro hac vice*)
Andrew M. Gass (*pro hac vice*)
505 Montgomery St., Suite 2000
San Francisco, CA 94111
(415) 395-8806
(415) 395-6007
joe.wetzel@lw.com
andrew.gass@lw.com

Sarang V. Damle (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(212) 906-1659
sy.damle@lw.com

Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1747
alli.stillman@lw.com

*Counsel for Defendant Anthropic PBC*

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system and served all parties of record via the CM/ECF system as indicated below:

| | |
|---|---|
| Steven A. Riley<br>Tim Harvey<br>RILEY & JACOBSON, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>(615) 320-3700<br>sriley@rjfirm.com<br>tharvey@rjfirm.com | Matthew J. Oppenheim<br>Nicholas C. Hailey<br>Audrey Adu-Appiah<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave., NW, 5th Floor<br>Washington, DC 20016<br>(202) 480-2999<br>matt@oandzlaw.com<br>nick@oandzlaw.com<br>aadu-appiah@oandzlaw.com |
| Jennifer Pariser<br>Andrew Guerra<br>Timothy Chung<br>OPPENHEIM + ZEBRAK, LLP<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>(212) 951-1156<br>jpariser@oandzlaw.com<br>andrew@oandzlaw.com<br>tchung@oandzlaw.com | Richard S. Mandel<br>Jonathan Z. King<br>Richard Dannay<br>COWAN, LIEBOWITZ & LATMAN, P.C.<br>114 West 47th Street<br>New York, NY 10036-1525<br>(212) 790-9200<br>rsm@cll.com<br>jzk@cll.com<br>rxd@cll.com |

*Counsel for Plaintiffs*

Dated: January 16, 2024

/s/ *Aubrey B. Harwell III*
Aubrey B. Harwell III