# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Araceli Martinez-Olguin, Judge

PAUL TREMBLAY, et al., Individual and Representative Plaintiffs,

VS. **NO. 23-CV-03223 AMO**

OPENAI, INC., et al., Defendants.

SARAH SILVERMAN, et al., Individual and Representative Plaintiffs,

VS. **NO. 23-CV-03416 AMO**

OPENAI, INC., et al., Defendants.

MICHAEL CHABON, et al., Plaintiffs,

VS. **NO. 23-CV-04625 AMO**

OPENAI, INC., et al., Defendants.

San Francisco, California
Thursday, December 7, 2023

**TRANSCRIPT OF PROCEEDINGS**

**(APPEARANCES ON FOLLOWING PAGE)**

REPORTED BY: Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
CSR No. 7445, Official United States Reporter

**APPEARANCES**:

For Plaintiffs:

JOSEPH SAVERI LAW FIRM, INC.
601 California Street
San Francisco, California 94108
BY: **JOSEPH R. SAVERI, ATTORNEY AT LAW**
**CHRISTOPHER K. YOUNG, ATTORNEY AT LAW**

LAW OFFICE OF MATTHEW BUTTERICK
1920 Hillhurst Avenue, Suite 406
Los Angeles, California 90027
BY: **MATTHEW C. BUTTERICK, ATTORNEY AT LAW**

For Defendants:

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
BY: **ANDREW M. GASS, ATTORNEY AT LAW**

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
BY: **JOSEPH C. GRATZ, ATTORNEY AT LAW**

Also Present: **Renny Hwang**
**Fred von Lohmann**
**Mike Trinh**

**Thursday - December 7, 2023** **3:06 p.m.**

**P R O C E E D I N G S**

---o0o---

**THE CLERK:** Calling civil matters, Related Cases 23-3223, Tremblay, et al. v. OpenAI Incorporated, et al. and 23-3416, Silverman, et al. v. OpenAI Incorporated, et al.

Counsel, please state your appearances for the record, starting with the plaintiff.

**MR. SAVERI:** Good afternoon, Your Honor. Joseph Saveri on behalf of the plaintiffs.

**MR. YOUNG:** Good afternoon, Your Honor. Christopher Young on behalf of plaintiffs.

**MR. BUTTERICK:** Your Honor, good afternoon. Matthew Butterick for the plaintiffs.

**THE COURT:** Good afternoon.

**MR. GASS:** Good morning, Your Honor. Andy Gass from Latham & Watkins on behalf of defendants OpenAI.

With us in the gallery from OpenAI are Renny Hwang, Fred von Lohmann, and Mike Trinh.

**THE COURT:** Good afternoon.

**MR. GRATZ:** Hi. I'm Joe Gratz from Morrison & Foerster, also for OpenAI.

**THE COURT:** Good afternoon, everyone, and thank you for hanging in there. I realize you didn't have much choice in the matter, but I still want to thank you for your patience.

All right. Mr. Saveri, let's talk. So I have the benefit of -- because -- and I thank you all for the supplemental -- for all the supplemental authority that you have continued to bring my way.

I have to tell you, I read Judge Chhabria's short, sweet opinion; and so you'll forgive me, Mr. Saveri, but I'm tempted to just start by asking you: Tell me why Judge Chhabria is wrong that the theories of liability, at least as presented in the current operative complaint, aren't viable.

**MR. SAVERI:** Well, Your Honor, thank you.

We certainly differ with respect to the way Judge Chhabria landed on a number of the issues, and I could go through those.

I would also say that with respect to how Judge Chhabria landed on them -- I mean, first of all, the direct infringement claim is not disputed in both cases. There's the claim with respect to the training -- right? -- which is essentially -- which the defendants don't dispute. The training model claims are not opposed.

So there are, just as in Judge -- the case involving -- that Judge Chhabria decided, the direct infringement, the copyright claims were not opposed, and they will proceed. So at least with respect to one -- with respect to a -- we have multiple theories of liability with respect to

that claim. And there are claims that are not opposed. So that claim is surviving.

Now, in addition, there are other claims that Judge Chhabria did rule on: the vicarious infringement claim, the state law claims. Those claims as well, he did, of course, grant leave to amend with respect to all of them.

And to the extent that you are impressed or convinced by Judge Chhabria's --

**THE COURT:** Moved. Sorry.

**MR. SAVERI:** -- moved, that we, of course, would want to have leave to amend.

Look, I think there are a couple of key things that I would say.

The fact that the -- the fact that -- most of Judge Chhabria's -- a lot of the argument in front of Judge Chhabria was about substantial similarity and whether the Ninth Circuit law requires that or not. I just want to be very clear with Your Honor that our position under the *Range Road* case, other cases in the Ninth Circuit, hold that when we allege and we can prove direct copying, the requirement of substantial similarity is not an additional requirement.

And what I would ask the Court to look at is Judge Bibas' decision from the District of Delaware in the *Thomson Reuters* case, where Judge Bibas wrote (as read):

"There are two ways to show actual copying.

Thomas Reuters" -- that's the plaintiffs in that case -- "can present direct evidence or it can present circumstantial evidence demonstrating that the defendants there had access to the copyrighted work and that their work contained similarities probative of copying."

So the copyright claims involve a claim that the protected work was impermissibly, without permission, reproduced. That reproduction can be shown by evidence of direct copying as well as substantial similarity, which is circumstantial evidence of that.

It's our position, consistent with what Judge Bibas found in this recent *Thomson Reuters* case, that those are alternative ways of proving it. Judge Chhabria, to be fair, was not -- was not moved and disagreed with us. But I wanted to be very clear that that's -- that that's our -- that's our position.

With respect to the other --

**THE COURT:** Before you move on --

**MR. SAVERI:** Yes.

**THE COURT:** Before you move on, you mentioned that you have other Ninth Circuit authority beyond *Range Road*. If you were going to point me to one other, what would it be?

**MR. SAVERI:** Well, in addition to *Range Road* for this point?

**THE COURT:** Yes.

**MR. SAVERI:** Sure, Your Honor. I think the three cases that we think are the best and show why we are correct, one, *Range Road* was the Ninth Circuit 2012 case. I just mentioned the *Thomson Reuters* case, which was a September 25th, 2023, case by Judge Bibas from the District of Delaware. We've also cited *ITC Textile vs. Wal-Mart Stores*, which is a -- cited in the brief. It's a Central District of California case decided in December of 2015.

So those are really the three cases we hang our collective hat on, and so I just wanted to be very clear about that.

**THE COURT:** Thank you.

**MR. SAVERI:** It's an interesting position you've put me in, Your Honor, because very much I think that the -- a lot of arguments that we made in front of Judge Chhabria we would just simply repeat to you here. We've put them in our briefs.

**THE COURT:** If it -- go ahead.

**MR. SAVERI:** And, Your Honor, I guess what -- if there are any particular ones that you would want me to address, I'm happy -- I'm happy to go through them.

Certainly, we feel like -- and we're confident that with leave to amend, there are more facts to allege. I guess I would say that one of the consequences of that will be a complaint which is substantially longer and in more detail.

And that's by way of a promise, not a threat. But there will be a much longer document.

And we welcome the opportunity. You know, we've had a number of these other cases. Judge Tigar, Judge Orrick has given us leave to amend. We do our homework, and we're prepared to address the questions or concerns that the Court has about the pleading.

So if there are particular questions or elements of our theory you'd like me to address, I'm happy to do it.

**THE COURT:** Let me say this, Mr. Saveri. One of the things that jumped out at me -- not only do I have the benefit of Judge Chhabria's opinion, I also read through the transcript from that hearing. And I think what struck me -- And I don't mean to -- I don't mean to -- you all will get time. I'm not saying you don't.

But what struck me, ultimately, is that it felt like many places in the dialogue with Judge Chhabria, what I -- where I think he landed, ultimately, was you describing things that might be viable causes of action but that just aren't presently in the complaint as pled.

So you don't have to convince me that there might well be things that you can add that you will get to -- you'll live to write another day; but ultimately, what I have in front of me is the complaint as it is.

**MR. SAVERI:** And I understand that, Your Honor. And

if you read the transcript, you will note that I tried to show and tried to convince that the facts are there that are necessary to state our causes of action under Rule 8, consistent with the rules of notice pleading. I fully understand that Judge Chhabria was not sold, and he thought and believes a number of the specific facts that we talked about were not in the complaint.

And, again, I would find myself in the same position. We could talk about those and explain them; but if the Court finds that the complaint, as pled, is missing some of those complaints, I think what we would do is say: Well, we disagree. We'd certainly -- we're entitled to leave to amend, and that would be the appropriate way to proceed.

**THE COURT:** Thank you, Mr. Saveri.

Gentlemen?

**MR. GASS:** Andy Gass from Latham & Watkins on behalf of OpenAI.

And, Your Honor, I'll be brief here. Like you, I was quite persuaded by Judge Chhabria's order, as I was by Judge Orrick's order of October 30. We should remember to give him his due.

Just to very quickly respond to Mr. Saveri's argument, the binding Ninth Circuit precedent that he didn't mention is the *Litchfield* case, in which there was a playwright who had written a one-act play about an extraterrestrial and submitted

it to Universal Films to see if they would make a movie of it. And so they had the play right there, and they sent her a note saying "We'll pass."

They went on to make the movie *E.T.*, and she sued them and Steven Spielberg for having illegally copied her idea, her play, and then for having created an unlawful derivative work via the movie.

And so everyone agrees that Universal had access to the copyrighted work that they would ultimately -- was ultimately at issue in the case. On the basis of those facts, the Ninth Circuit held that it was frivolous to contend that the movie was a derivative work of the play, irrespective of whether there was substantial similarity between the two, because, they said: Of course, even in a case where the defendant had access, unmistakably, to a copy of the allegedly infringed work, the plaintiff still needs to show that their thing looks like her thing.

I won't go ahead and distinguish the *Range Road* case because I think that Judge Chhabria did that quite ably.

Another case that Mr. Saveri mentioned was the *ITC* case. There, too, it's the same analysis that Judge Chhabria embraced with respect to *Range Road*, which is to say, it was undisputed in that case that what the defendant did was use an identical copy of the plaintiffs' thing.

The facts of that one were a little different. It was

about textiles. And the plaintiff in that case had actually sent verbatim identical digital files of their textiles to the defendant. And the defendant -- there's a quote in the case from a sworn declaration from the defendant saying, "Of course we used the actual thing that they had sent us." So there was no debate about that.

And just as in *Range Road*, where as Judge Chhabria noted, the point was there was no dispute with respect to infringement that what had been used at the output stage, so to speak, was identical, so, too, in the *ITC* case. That's all that those cases stand for.

The *Thomson Reuters* case, briefly, is an important one, I agree with Mr. Saveri; but it helps OpenAI here, not his side. I would direct Your Honor's attention to star page 10 of the Westlaw opinion in that case.

And that's a case that's a little bit closer factually to the scenario that we're looking at here. It's a case about a start-up company that was trying to create a sort of generative AI-type product for lawyers. And so the copyrighted works that were copied in that case were Westlaw opinions with the headnotes and all of that stuff included. And Judge Bibas in that case denies summary judgment to both sides, but he has a lot to say about whether the ultimate use of the copyrighted headnotes in the judicial opinions is fair use.

What he says at the passage that I'm directing your

attention to here at page star 10 is, he says (as read):

"I actually need to know whether, in practice, the outputs of the defendant's product reprise the copyrighted expression from the headnotes, because if they do, this is a very different case than if they're just reprising the unprotected expression from the judicial opinions."

Now, suffice it to say, that analysis makes no sense if literally everything that the AI spits out is a *prima facie* infringement.

So if Your Honor doesn't have any more questions, I will sit down.

**THE COURT:** Thank you.

**MR. GASS:** Thank you.

**MR. SAVERI:** And, Your Honor, without belaboring it, we addressed the arguments that my opponent just made with respect to *Litchfield*. We cite to the *ITC Textile* case, and we cite this language in the brief.

(As read):

"In particular, the fact that the final result of defendants' work differs from plaintiff's work is not exonerating."

So I would just refer the Court to the language in the argument that we have on page 9 of our brief, our discussion of *ITC Textile* and how, as we explain in Footnote 4, that

*Litchfield* can, in fact, be distinguished.

I mean, here, we have allegations, which we will prove, that the work of our plaintiffs was substantially copied, if not copied completely. That proof was absent in the *Litchfield* case completely.

The other thing I would just note about Judge Bibas's decision is, I think what's important here -- among the things that are important here is, ultimately, Judge Bibas concludes that these issues, the issues that are framed by the complaint, are ultimately factual issues and, as my opponent just indicated, that these are issues which are more appropriately not resolved on the pleadings but more appropriately under Rule 56 on summary judgment or is going to -- most likely by a jury at trial. And I think that's quite important.

With that, Your Honor, I don't have anything to add.

**THE COURT:** Thank you, Mr. Saveri.

Counsel, I thank you all. I'll take it under submission.

My sense is that it's probably beneficial for you all to get -- I will tell you, I'm tempted to do it from the Bench, but I think there's some value in there being something else written. I'm sure my law clerks don't love that. But we'll get you something. I won't promise you any sort of timeline, but I'll just thank you and take it under submission.

**MR. SAVERI:** Okay. Thank you.

**THE COURT:** Thank you.

And I regret keeping you. I should have had you all go first. I'm so sorry.

(Laughter.)

**THE COURT:** All right. We're adjourned. Thank you.

(Proceedings adjourned at 3:23 p.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Monday, December 11, 2023

Ana Dub

Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
CSR No. 7445, Official United States Reporter