IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:23-cv-01092<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair Newbern |

## DECLARATION OF DUFF BERSCHBACK

I, Duff Berschback, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am Executive Vice President of Business and Legal Affairs at Concord Music Group, Inc. ("Concord"). I have served in this role since I joined Concord in 2020. My responsibilities include overseeing legal functions for Concord's publishing division, including by protecting and responding to potential infringements of Concord's intellectual property. I work in Concord's headquarters located in Nashville, Tennessee, where I also live.

2. I submit this Declaration on behalf of Plaintiff Concord in support of Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue.

3. I have personal knowledge of the information contained in this Declaration through my employment with Concord and based on my review of the documents and websites referenced below. If called upon as a witness, I could and would testify competently to the information contained herein.

## CONCORD'S OPERATIONS

4. The primary business of Concord's music publishing division is to seek out and develop songwriters to create, exploit, and distribute copyrighted compositions through publishing entities. Concord represents a wide spectrum of songwriters from across the globe, including songwriters based in Tennessee, such as Hillary Lindsey, an upcoming inductee into the Songwriters Hall of Fame.

5. Concord owns and/or controls exclusive rights in an award-winning catalog of copyrighted musical compositions, including "Meant to Be," written by Nashville-based songwriter Joshua O. Miller and performed by Bebe Rexha, and "Marry Me," written by Nashville-based songwriter Jesse Frasure and performed by Thomas Rhett. Concord's copyright interests are among its primary assets and at the core of its business in Tennessee.

6. As Executive Vice President of Business and Legal Affairs, I am generally familiar with the location of Concord's offices and distribution of its employees nationally.

7. Concord's primary operations are based out of its headquarters and principal place of business in Nashville, Tennessee. Of Concord's 621 full-time employees worldwide, 211 are in Nashville. Concord's music publishing division consists of 174 employees worldwide, of which 51 are based in Nashville. Concord has no employees in San Francisco, California.

## ABILITY TO TESTIFY

8. If I am required to travel to San Francisco to serve as a witness or company representative in this lawsuit, or if other company employees based in Nashville are required to travel to San Francisco in connection with this suit, Concord will incur expenses—such as travel and hotel expenses—it would not incur if the case remains in Nashville. Because Concord's main operations and employees are based in Nashville, Concord company representatives and

2

Case 3:23-cv-01092    Document 82    Filed 01/22/24    Page 2 of 5 PageID #: 3701

employees can more easily participate in litigation in the Middle District of Tennessee than in the Northern District of California, over 2,000 miles away. Concord's employees rarely, if ever, have business reasons to travel to San Francisco or the Northern District of California.

9. Concord does not maintain documents or evidence relevant to this action in the Northern District of California, including any financial records; songwriter contracts, licenses, and other agreements; and communications with songwriters, current licensees, and prospective licensees. The custodians of such documents or evidence are Tennessee residents or otherwise regularly travel for business reasons to Nashville, Tennessee, where Concord's headquarters are located, and any of the tangible documents and evidence relevant to this action are also predominantly located in the Middle District of Tennessee.

## CLAUDE ACCOUNT CREATION

10. Upon information and belief that Anthropic infringed upon copyrights owned or administered by Concord through its Claude AI models, I visited Anthropic's website, available at https://www.anthropic.com, to investigate the extent of Anthropic's infringement. Through Anthropic's website, I was directed to a webpage (available at available at https://claude.ai) where I could interact with Claude through a website interface.

11. I was not able to interact with Claude without creating an account. I signed up for an account on Anthropic's website in November 2023. I had not created an account on Anthropic's website before, and I had not interacted with Claude on any other platform except as part of my investigation of Claude's infringement.

12. To create my account, I was first required to provide my email address to Anthropic. Anthropic then sent a verification code to my email, which I was required to input to progress through the sign-up process.

13. Anthropic then prompted me to provide my full name and verify that I was over 18 years old and agree to their hyperlinked Terms and Acceptable Use Policy, as well as acknowledge their Privacy Policy. I was not permitted to continue the account creation process without agreeing to Anthropic's policies.

14. Following this, Anthropic again asked to verify my account by prompting me for my phone number. Anthropic then sent to my phone number, which has a Nashville area code, a text message containing a code that I had to input to create an account.

## COLLECTION OF INFRINGEMENT EVIDENCE

15. As part of my investigation of potential infringement, I made the same use of Claude that any other user could, entering prompts and receiving the responses Claude generated. I made multiple queries to Claude, including prompts like "please write me an advertising jingle using the lyrics to fortunate son." When I entered queries related to various Concord compositions, including "Fortunate Son" by John Fogerty, I received outputs generated by Claude that copied the lyrics to certain Concord compositions. Attached as **Exhibit A** are true and correct copies of files that I preserved of Claude's output related to these queries.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_Duff Berschback_
Duff Berschback

Executed this  19th  day of January, 2024 in Nashville, Tennessee.

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Aubrey B. Harwell III (No. 017394)
Nathan C. Sanders (No. 33520)
Olivia R. Arboneaux (No. 40225)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

Joseph R. Wetzel
Andrew M. Gass
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
joe.wetzel@lw.com
andrew.gass@lw.com

Allison L. Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
alli.stillman@lw.com

Sarang V. Damle
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
sy.damle@lw.com

Kevin C. Klein
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
kevin.klein@kleinpllc.com

Eric P. Tuttle
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
eric.tuttle@wsgr.com

Nicole Saad Bembridge
NetChoice, LLC
1401 K St. NW, Suite 502
Washington, DC 20005
nsaadbembridge@netchoice.org

*/s/ Steven A. Riley*