IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 3:23-cv-01092 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair Newbern |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Section 5.07 of Administrative Order 167-1, Local Rules 5.03 and 7.01, and the Stipulated Protective Order (the "Protective Order") entered in this case, ECF No. 62, Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") respectfully move for leave to file the following documents under seal:

- Plaintiffs' Reply in Support of Motion for Preliminary Injunction; and
- Declaration of Michael D. Smith and certain attached exhibits.

Publishers are seeking the Court's leave to file those documents under seal to comply with the Protective Order. Defendant Anthropic PBC ("Anthropic") joins in this request. Publishers take no position as to whether sealing is warranted. Publishers will simultaneously file redacted versions of their Reply and the above-referenced declaration and exhibits on the public docket.

**LEGAL STANDARD**

To justify non-disclosure of judicial records, "the proponent of sealing must provide

compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v. Federal Home Loan Mortgage Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (quoting *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-306 (6th Cir. 2016).

A party seeking to use a document they did not designate as confidential "must file a motion to seal under [Local Rule 7.01(a)]." Local Rule 5.03(b). "However, the party who designated the materials as confidential or otherwise seeks to restrict access to the materials retains the burden of meeting the requirements set out in subsection (a), either in a joint motion to seal or in a response under [Local Rule] 7.01(a)(3)." *Id.*

## ARGUMENT

Publishers move the Court to enter an order allowing them to file under seal the following documents that cite to or discuss documents previously filed under seal by Anthropic or documents produced by Anthropic as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order:

- Plaintiffs' Reply in Support of Motion for Preliminary Injunction;
- Declaration of Michael D. Smith; and
- Declaration of Michael D. Smith, Exhibit B.

Plaintiffs' Reply in Support of Motion for Preliminary Injunction cites sealed information referenced in Anthropic's Sealed Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 67, and the Sealed Declaration of Jared Kaplan, ECF No. 67-2, relating to Anthropic's training corpora and the development and training of its future generative AI large language models.

The Declaration of Michael D. Smith and accompanying Exhibit B also cites sealed information relating to Anthropic's development and training of its future generative AI large

language models in addition to documents produced by Anthropic designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. This designation indicates Anthropic's position that it believes in good faith that the information contained therein is "particularly sensitive information" and that its disclosure would create "a substantial risk of harm to [Anthropic], its personnel or customers, or other individuals." Protective Order ¶ 11. Pursuant to paragraph 35 of the Protective Order, Publishers seek to redact select portions of their Reply and the Declaration of Michael D. Smith that reference information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or contained in documents previously filed under seal by Anthropic and file unredacted versions under seal. *Id.* ¶ 35.

Publishers take no position as to whether the documents above should be sealed or whether Anthropic's confidentiality designations are warranted. Rather, Publishers request sealing to comply with the Protective Order in this action.

Anthropic joins in Publishers' request to seal references to Anthropic's previously-sealed documents and non-public documents for the following specific reasons, as stated by Anthropic:

- "Information regarding Anthropic's training corpora and the development and training of its future generative AI large language models is highly confidential and constitutes sensitive business information, including without limitation, Anthropic's proprietary and nonpublic intellectual property, Anthropic's trade secrets, research and development, and proprietary information concerning Anthropic's current and future models. Public disclosure of this competitively sensitive information would prejudice Anthropic and risk revealing key technological processes to competitors and bad actors."

- "Anthropic_0000000001 constitutes highly confidential communications between

Anthropic and a third party designated Highly Confidential – Attorneys' Eyes Only by Anthropic pursuant to the parties' Stipulated Protective Order. *See* Dkt. No. 62. Per the Stipulated Protective Order, this document contains highly confidential and competitively sensitive information regarding strategic product and business plans, research and development or other data/information related to the same, confidential business relationships and potential partnerships, as well as other sensitive information. Public disclosure of this information would subject Anthropic to competitive and financial injury."

- "Anthropic_0000000004-20 constitutes highly confidential communications between Anthropic and a third party designated Highly Confidential – Attorneys' Eyes Only by Anthropic pursuant to the parties' Stipulated Protective Order. *See* Dkt. No. 62. Per the Stipulated Protective Order, this document contains highly confidential and competitively sensitive information regarding strategic product and business plans, research and development or other data/information regarding the same, confidential business relationships and potential partnerships, and an agreement requiring confidential treatment of the information contained within the document. Public disclosure of this information would subject Anthropic to competitive and financial injury and to legal liability to third parties."

- "Anthropic_00000000133-37 constitutes highly confidential communications between Anthropic and a third party designated Highly Confidential – Attorneys' Eyes Only by Anthropic pursuant to the parties' Stipulated Protective Order. *See* Dkt. No. 62. Per the Stipulated Protective Order, this document contains highly confidential and competitively sensitive information regarding strategic product and business plans, research and

development or other data/information related to the same, confidential business relationships and potential partnerships, as well as other sensitive information. Public disclosure of this information would subject Anthropic to competitive and financial injury."

- "Anthropic_00000000232-38 constitutes highly confidential communications between Anthropic and a third party designated Highly Confidential – Attorneys' Eyes Only by Anthropic pursuant to the parties' Stipulated Protective Order. *See* Dkt. No. 62. Per the Stipulated Protective Order, this document contains highly confidential and competitively sensitive information regarding strategic product and business plans, research and development or other data/information related to the same, confidential business relationships and potential partnerships, as well as other sensitive information. Public disclosure of this information would subject Anthropic to competitive and financial injury."

- "Anthropic_00000000379-81 constitutes a highly confidential communication between Anthropic and a third party designated Highly Confidential – Attorneys' Eyes Only by Anthropic pursuant to the parties' Stipulated Protective Order. *See* Dkt. No. 62. Per the Stipulated Protective Order, this document contains highly confidential and competitively sensitive information regarding strategic product and business plans, research and development or other data/information related to the same, confidential business relationships and potential partnerships, as well as other sensitive information. Public disclosure of this information would subject Anthropic to competitive and financial injury."

## CONCLUSION

For the reasons set forth, Publishers respectfully request leave to file Plaintiffs' Reply in Support of Motion for Preliminary Injunction, the Declaration of Michael D. Smith, and certain attached exhibits under seal and to file unredacted versions on the public docket. Anthropic joins in this request.

Dated: February 14, 2024

Steven A. Riley (No. 6258)
Tim Harvey (No. 21509)
Grace Peck (No. 38558)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
sriley@rjfirm.com
tharvey@rjfirm.com
gpeck@rjfirm.com

Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
Telephone: 212-790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

Respectfully submitted,

/s/ *Timothy Chung*
Timothy Chung
Jennifer Pariser
Andrew Guerra
(admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
tchung@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com

Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2024, I authorized the electronic filing of a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to the following:

Aubrey B. Harwell III (No. 017394)
Nathan C. Sanders (No. 33520)
Olivia R. Arboneaux (No. 40225)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

Allison L. Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
alli.stillman@lw.com

Kevin C. Klein
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, TN 37208
kevin.klein@kleinpllc.com

Nicole Saad Bembridge
NETCHOICE, LLC
1401 K St. NW, Suite 502
Washington, DC 20005
nsaadbembridge@netchoice.org

Joseph R. Wetzel
Andrew M. Gass
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
joe.wetzel@lw.com
andrew.gass@lw.com

Sarang V. Damle
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
sy.damle@lw.com

Eric P. Tuttle
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
eric.tuttle@wsgr.com

/s/ *Timothy Chung*
Timothy Chung