# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., *Plaintiffs*, v. ANTHROPIC PBC, *Defendant*. | Case No. 3:23-cv-01092<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair Newbern |

**MOTION OF THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, NATIONAL MUSIC PUBLISHERS' ASSOCIATION, THE ASSOCIATION OF AMERICAN PUBLISHERS, INC., NEWS/MEDIA ALLIANCE, SONGWRITERS OF NORTH AMERICA, BLACK MUSIC ACTION COALITION, MUSIC ARTISTS COALITION, ARTIST RIGHTS ALLIANCE, AND AMERICAN ASSOCIATION OF INDEPENDENT MUSIC FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 7 and Local Rule 7.01, Recording Industry Association of America ("RIAA"), National Music Publishers' Association ("NMPA"), the Association of American Publishers, Inc. ("AAP"), News/Media Alliance, Songwriters of North America ("SONA"), Black Music Action Coalition ("BMAC"), the Music Artists Coalition ("MAC"), Artist Rights Alliance ("ARA"), and American Association of Independent Music ("A2IM") (collectively, "*Amici*"), respectfully move the Court for leave to file the attached brief (Exhibit A) as *amici curiae* in support of the plaintiffs' motion for a preliminary injunction (ECF No. 40) (the "Preliminary Injunction Motion") against defendant Anthropic PBC ("Anthropic").

*Amici* are trade groups representing owners and creators of some of this country's most valuable copyrighted content. *Amici* regularly contribute to public discourse on copyright issues and related issues affecting the creative and informative content industries through advocacy and

public comment. *Amici* are thus particularly well-positioned to offer their distinct perspectives on the interaction between copyright law and new technologies.

*Amici* respectfully submit, for these reasons and as further shown in their memorandum of law submitted herewith, that *Amici's* proposed brief may assist the Court in considering the issues raised by the Preliminary Injunction Motion, by Anthropic in its opposition to that motion, and by putative *amici* Chamber of Progress and NetChoice, LLC (together, "COP") in their brief submitted in support of Anthropic's opposition, and that *Amici's* motion for leave to file their proposed *amicus* brief should be granted.

In the brief that they seek leave to file, *Amici*: (1) provide market context and historical background showing that copyright law principles are compatible with technological progress, that Anthropic's competitors are licensing copyrighted content for use in their AI products, and that artificial intelligence can reach its full potential while respecting the rights of creators and owners of copyrighted works; (2) explain how the limited preliminary injunction that plaintiffs have sought is particularly appropriate where Anthropic has admitted many of the facts that are fundamental to the Preliminary Injunction Motion, the Court can apply well-established copyright principles to such admitted facts, Anthropic cannot plausibly claim harm from the requested injunction, and there is no need to await discovery or decisions in other AI cases filed in other jurisdictions by other plaintiffs against other defendants; and (3) refute the argument of putative *amici* COP that the limited injunction sought by plaintiffs "poses a substantial threat to the public interest in development and availability of AI technology" (Memorandum of Law in Support of Motion of Chamber of Progress and NetChoice, LLC for Leave to File Brief of *Amici Curiae* in Opposition to Plaintiffs' Motion for Preliminary Injunction, at 3), and show that, rather, the public interest is best served by granting the Preliminary Injunction Motion before the harm from

Anthropic's platform to the creators, owners, and licensees of copyrighted content is further entrenched or compounded.

Counsel for *Amici* conferred with counsel for the parties regarding the relief requested by this motion. Anthropic opposes the requested relief.[1] Plaintiffs consent to the requested relief in the event the Court grants COP's request for leave to file its *amicus* brief. *Amici* respectfully request that the Court grant leave to file the proposed *amicus* brief annexed as Exhibit A hereto.

Dated: February 14, 2024  Respectfully submitted,

    /s/ Lauren Kilgore
Lauren Kilgore
SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
1 Music Circle South, Suite 300
Nashville, Tennessee 37203
(615) 329-4440
LKilgore@shackelford.law

Frank P. Scibilia (*pro hac vice* admission pending)
Maya Katalan (*pro hac vice* admission pending)
PRYOR CASHMAN LLP
7 Times Square, 40th Fl.
New York, NY 10036
(212) 421-4100
fscibilia@pryorcashman.com
mkatalan@pryorcashman.com

*Counsel for Amici*

---

[1] Anthropic stated that it opposed the relief because it would not have an opportunity to respond to *Amici*'s brief. But COP filed its motion seeking leave to file its *amicus* brief several days after Anthropic had filed its opposition to the Preliminary Injunction Motion. Accepting Anthropic's argument would mean that arguments raised in an *amicus* brief submitted in support of a party opposing a motion could never be responded to by other *amici* with differing interests.