IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., *Plaintiffs*, v. ANTHROPIC PBC, *Defendant*. | Case No. 3:23-cv-01092<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

### DEFENDANT ANTHROPIC PBC'S OPPOSITION TO PLAINTIFFS' REQUEST FOR ORAL ARGUMENT AND NO EVIDENTIARY HEARING

Defendant Anthropic PBC ("Anthropic") submits this Opposition to Plaintiffs' Motion Requesting Oral Argument ("Motion").[1] ECF No. 97. Granting Plaintiffs' request for oral argument and no evidentiary hearing would deprive Anthropic of the ability to respond to inaccurate and misleading factual contentions raised by Plaintiffs for the first time in their recent reply submission ("Reply"). ECF Nos. 91–96, 107. The contentions are (1) material to the injunctive relief Plaintiffs seek (ECF No. 40); and (2) involve blatant misstatements about, for example, *Anthropic's* training data, implemented guardrails, and retraining costs that must be resolved in a fair and fulsome forum. Therefore, in accordance with Sixth Circuit precedent, the Court must hold an evidentiary hearing to resolve the material factual disputes raised by Plaintiffs, if it does not dismiss or transfer the case subject to Defendants' pending Motion to Dismiss (ECF No. 54).

---

[1] Plaintiffs' Motion does not comply with Local Rule 7.01 as Plaintiffs' counsel did not contact Anthropic regarding its position on the Motion prior to filing.

## ARGUMENT

In the Sixth Circuit, a district court must hold an evidentiary hearing on a motion for preliminary injunction when facts material to the motion are in dispute. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007). Specifically, "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held." *Id.*; *see also Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 246 (6th Cir. 2011) ("Rule 65(a)(1) does require a hearing "when there are disputed factual issues" material to the preliminary injunction); *ACT, Inc. v. Worldwide Interactive Network*, 3:18-cv-186, 2020 WL 12574298, at *4 (E.D. Tenn. May 27, 2020) (same); *Million v. Rausch*, No. 3:22-cv-453, 2023 WL 2558138, at *3 (E.D. Tenn. Feb. 10, 2023) (same).

Plaintiffs' Reply openly disputes the factual assertions in Anthropic's Opposition to Plaintiffs' Motion for Preliminary Injunction and accompanying declarations (ECF No. 67). It does so with a variety of misstatements, mischaracterizations, incomplete evidence, and improper, unsupported expert opinions contained in four declarations totaling 31 pages and appending nearly 60 exhibits. *See* ECF Nos. 91-96, 107. Below is a non-exhaustive list of the contested factual and credibility issues raised for the first time in Plaintiffs' Reply:

- Plaintiffs' misleading statement that "Anthropic trained Claude intending it to respond to prompts for lyrics." Reply Brief at 2–3.

- Plaintiffs' mischaracterization of incomplete data, including the origin, purpose, and authorship of certain "finetuning prompts" that allegedly contained Publishers' song lyrics. Chung Reply Decl. (ECF No. 93) ¶ 4 and Ex. A; Zhao Reply Decl. (ECF No. 94) ¶ 12.

- Plaintiffs' misrepresentation of Anthropic's academic paper related to helpfulness research and training. Reply Brief at 2; Chung Reply Decl. ¶ 4.

- Plaintiffs' outdated and inaccurate assessment of Anthropic's new guardrails, including claims that the new guardrails "allow[] all forms of infringing outputs" and "continue[] to

- output Publishers' lyrics." Reply Br. at 1, 3; Candore Reply Decl. (ECF. No. 96) ¶¶ 4-10; Zhao Reply Decl. ¶¶ 16-21; Chung Reply Decl. ¶ 5 and Ex. B.

- Plaintiffs' submission of incomplete and partial screenshots related to outputs from Claude. Chung Reply Decl. Ex. B.

- Plaintiffs' foundationless efforts to contradict and opine on the credibility of Jared Kaplan's testimony regarding the estimated cost of removing Plaintiffs' works and retraining Anthropic's AI models. Reply Br. at 15; Zhao Reply Decl. ¶ 22; Smith Reply Decl. ¶ 39.

- Plaintiffs' factually inaccurate speculation regarding Anthropic's operations, personnel resources, and costs expended to date in connection with training its AI models. Zhao Reply Decl. ¶ 22.

- Plaintiffs' inaccurate contention that Anthropic's AI models "function precisely like" licensed lyric websites. Reply Br. at 10; Smith Reply Decl. ¶¶ 11–21.

- Plaintiffs' factually unsupported and inaccurate speculation that "[t]here is little reason to believe the necessary quantities of copyrighted content cannot be acquired by negotiated licenses" when discussing the viability of a licensing market for AI training materials. Smith Reply Decl. ¶ 28.

- Plaintiffs' mischaracterization of certain Anthropic agreements and negotiations. Smith Reply Decl. ¶¶ 25, 29.

- Plaintiffs' and Plaintiffs' *Amici's* inaccurate assertion that music sites' ability to secure licenses to "millions" of songs in any way establishes a workable market for all of the billions of pieces of copyrighted text used by LLMs. Smith Reply Decl. ¶ 28; Plaintiffs' *Amicus Curiae* Br. (ECF No. 102-1) at 8.

At a minimum, each of the Reply facts above is hotly disputed and, to the extent the Court considers crediting them in deciding Plaintiffs' Motion for Preliminary Injunction, Anthropic should have a full and fair opportunity to present its evidence and test the assertions of Plaintiffs' witnesses through cross-examination; oral argument alone will not suffice.[2] *Carpenters' Dist.*

---

[2] Plaintiffs' belated and incomplete productions in response to Anthropic's document requests served on December 4, 2023 barred Anthropic from referencing late-produced materials in support of its Opposition. Anthropic, on the other hand, completed its document production in response to Plaintiffs' requests before Plaintiffs' Reply was due. An evidentiary hearing would afford Anthropic an opportunity to introduce any additional documents as needed.

3

*Council, etc. v. Cicci,* 261 F.2d 5, 8 (6th Cir. 1958) ("A hearing embodies the right to be heard on the controverted facts . . .").

The Court should decline Plaintiffs' invitation to decide an issue of first impression and of critical importance to the U.S. economy on an incomplete and untested record, shielding the inaccurate and baseless factual contentions at the heart of their claims from the adversarial process. To the extent the Court entertains the "extraordinary and drastic remedy" proposed by Plaintiffs here, cross examinations and the other components of a complete hearing are warranted to prevent misstatements of fact from tainting the Court's decision. *See Fowler v. Benson*, 924 F.3d 247, 256 (6th Cir. 2019) (*quoting Munaf v. Geren*, 553 U.S. 674, 689 (2008)).

## **CONCLUSION**

For the foregoing reasons, Anthropic respectfully requests that the Court deny Plaintiffs' request for oral argument and, if it determines jurisdiction and venue are proper in this Court, order an evidentiary hearing to allow Anthropic a full and fair opportunity to address factual disputes inserted by Plaintiffs on reply.

<u>Dated</u>:  February 20, 2024

Respectfully submitted,

**NEAL & HARWELL, PLC**

<u>/s/ *Aubrey B. Harwell III*</u>
Aubrey B. Harwell III (BPR # 17394)
Nathan C. Sanders (BPR # 33520)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

**LATHAM & WATKINS LLP**
Joseph R. Wetzel (*pro hac vice*)
Andrew M. Gass (*pro hac vice*)
505 Montgomery St., Suite 2000
San Francisco, CA 94111
(415) 395-8806
(415) 395-6007
joe.wetzel@lw.com
andrew.gass@lw.com

Sarang V. Damle (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(212) 906-1659
sy.damle@lw.com

Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1747
alli.stillman@lw.com

*Counsel for Defendant Anthropic PBC*

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, a true and correct copy of the foregoing document was served via the Court's ECF system upon the following counsel of record:

Matthew J. Oppenheim
Nicholas C. Hailey
Audrey Adu-Appiah
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

Richard S. Mandel
Jonathan Z. King
Richard Dannay
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
rsm@cll.com
jzk@cll.com
rxd@cll.com

Steven A. Riley
Tim Harvey
Grace C. Peck
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tharvey@rjfirm.com
gpeck@rjfirm.com

*Counsel for Plaintiffs*

Lauren Kilgore
SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
1 Music Circle South, Suite 300
Nashville, Tennessee 37203
(615) 329-4440
LKilgore@shackelford.law

Eric P. Tuttle
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
eric.tuttle@wsgr.com

Kevin C. Klein
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, TN 37208
kevin.klein@kleinpllc.com

Nicole Saad Bembridge
NetChoice
1401 K Street NW, Suite 502
Washington, DC 20005
nsaadbembridge@netchoice.org

*Counsel for Amici Curiae Chamber of Progress, VA and NetChoice, LLC (Washington, DC)*

Frank P. Scibilia (*pro hac* vice pending)
Maya Katalan (*pro hac* vice pending)
PRYOR CASHMAN LLP
7 Times Square, 40th Fl.
New York, NY 10036
(212) 421-4100
fscibilia@pryorcashman.com
mkatalan@pryorcashman.com

*Counsel for Amici Curie RIAA, NMPA, AAP, SONA, BMAC, MAC, ARA, A2IM*

Dated: February 20, 2024   /s/ *Aubrey B. Harwell III*
                                  Aubrey B. Harwell III