# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., *Plaintiffs*, v. ANTHROPIC PBC, *Defendant*. | Case No. 3:23-cv-01092<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## DEFENDANT ANTHROPIC PBC'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

Defendant Anthropic PBC ("Anthropic") submits this Opposition to Plaintiffs' *Amici*'s[1] Motion for Leave to File Brief as *Amici Curiae* in Support of Plaintiffs' Motion for Preliminary Injunction ("Motion"). ECF No. 102. The Motion is untimely—it comes many months after Plaintiffs filed their Motion for Preliminary Injunction (ECF No. 40), and a month after Anthropic filed its Opposition (ECF No. 67). Allowing Plaintiffs' *Amici* to weigh in at this late date to amplify Plaintiffs' lengthy and fact-laden reply submission (ECF Nos. 91–96, 107) would unfairly prejudice Anthropic by depriving it—and *amici* supporting Anthropic's opposition—of the ability to respond to substantive arguments on the record. Also, the arguments and information proffered by Plaintiffs' *Amici* effectively mirror Plaintiffs' briefs to date, and are therefore not useful to the administration of justice.

---

[1] Plaintiffs' *Amici* includes the Recording Industry Association of America ("RIAA"), National Music Publishers' Association ("NMPA"), the Association of American Publishers, Inc. ("AAP"), News/Media Alliance, Songwriters of North America ("SONA"), Black Music Action Coalition ("BMAC"), the Music Artists Coalition ("MAC"), Artist Rights Alliance ("ARA"), and American Association of Independent Music ("A2IM").

Accordingly, and for the reasons discussed below, Anthropic respectfully requests that the Court deny proposed *Amici*'s Motion. Alternatively, if the Court accepts and considers the submission by Plaintiffs' *Amici*, that decision would only underscore the need for an evidentiary hearing to allow Anthropic to fully respond to the contentions raised in *Amici*'s brief. *See* Anthropic's Opp. to Plaintiffs' Request for Oral Argument (ECF No. 114).

## ARGUMENT

"Participation as an amicus is a privilege within the sound discretion of the courts, depending upon a finding that the proffered information is timely, useful, or otherwise necessary to the administration of justice." *Bright v. Brookdale Senior Living, Inc.*, Nos. 3:19-cv-00374, 3:20-cv-00353, 2020 WL 12893860, at *1 (M.D. Tenn. Oct. 23, 2020). Although this Court does not have a specific rule governing the timing of amicus briefs, the U.S. Supreme Court and the Federal Rules of Appellate Procedure require that an amicus brief be submitted within seven days after the main brief for the party supported is filed. *See, e.g.*, Sup. Ct. Rule 37(3)(a); Fed. R. App. P. 29(a)(6). Compliance with Rule 29(a)(6) ensures that the opposing party is not prejudiced by the presentation of arguments to which they (or *amici* supporting their position) have no opportunity to respond. At a minimum, an amicus brief should be filed early enough to avoid "significant delay and, therefore, prejudice to the parties," especially "in the absence of any meaningful explanation" for the *Amici*'s "failure to timely file." *Bounty Mins., LLC v. Chesapeake Expl., LLC*, No. 5:17-cv-1695, 2019 WL 7048981, at *10 (N.D. Ohio Dec. 23, 2019).

Plaintiffs' *Amici* have no explanation for waiting many months to proffer this Motion. Plaintiffs filed their Motion for Preliminary Injunction three months ago, on November 16, 2023. ECF No. 40. Anthropic filed its Opposition to Plaintiffs' Preliminary Injunction on January 16, 2024. ECF No. 67. Yet Plaintiffs' *Amici* waited until February 14, 2024—three full months after Plaintiffs filed the Preliminary Injunction Motion and until briefing had concluded, to seek leave

2

Case 3:23-cv-01092   Document 115   Filed 02/20/24   Page 2 of 9 PageID #: 4340

to participate in this case. In contrast, and consistent with the rules for amicus participation in appellate courts, *amici* in support of Anthropic sought leave to file on January 19, 2024, three days after Anthropic submitted its opposition brief and weeks before Plaintiffs' reply deadline of February 14, 2024. ECF Nos. 75–76. Plaintiffs therefore had ample opportunity to respond to the Chamber of Progress and NetChoice, LLC's amicus brief in their reply. Neither Anthropic nor *amici* supporting its opposition will have an opportunity to respond to Plaintiffs' *Amici*, as a responding party would under the appellate rules. Plaintiffs' *Amici* cannot justify their months-long delay, which alone warrants denial of their motion.

Nor do Plaintiffs' *Amici* present any novel arguments or views beyond what Plaintiffs have already presented to this Court in their lengthy and fact-laden reply submission. *See, e.g.*, Federal Rule of Appellate Procedure 29(a)(3) (explaining that a proposed amicus must show "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case"). In other words, amicus briefs "ought to add something distinctive to the presentation of the issues, rather than serving as a mere conduit for the views of one of the parties." § 3975 Authorization to File an Amicus Brief, 16AA Fed. Prac. & Proc. Juris. § 3975 (5th ed.); *see also George W. Sweigert v. Cable News Network, Inc.*, No. 20-cv-12933, 2022 WL 842322, at *8 (E.D. Mich. Mar. 21, 2022) (denying leave to file amicus brief on this basis); *Newcomb v. Allergy & ENT Assocs. of Middle Tennessee, P.C.*, No. 3:10-cv-1230, 2013 WL 3976627, at *1 (M.D. Tenn. Aug. 2, 2013) (noting that amicus briefs "filed by allies of litigants and duplicate the arguments made in the litigants' briefs . . . should not be allowed").

Rather than provide any distinctive arguments or provide this Court with additional information to consider on the merits, Plaintiffs' *Amici* merely repurpose Plaintiffs' arguments. The fair use analysis they offer is effectively indistinguishable. *Compare* Ex. A at 13–15 *with* Pls'

PI Br. (ECF. No. 41) at 13–22. For example, they argue about the viability of a licensing market between AI companies and content providers, raising the same inapposite examples of licensing arrangements Plaintiffs raised. *Compare* Ex. A at 7–8 (citing Generative AI by Getty Images in collaboration with NVIDIA, Fairly Trained, and OpenAI's licensing deals with Shutterstock and the Associated Press) *with* Smith Decl. (ECF No. 52) at 8–9 *and* Smith Repl. Decl. (ECF No. 95) at 11 (citing the same examples). And, among other virtually identical arguments, they claim the relief sought by Plaintiffs is "narrow" and assert—with no foundation or relevant knowledge to speak of—that it would cause no burden or harm to Anthropic. *Compare* Ex. A at 5–6 (arguing that "[t]he scope of the relief sought by Publishers is quite narrow" and "will not cause any colorable harm to Anthropic") *with* Pls. PI Br. at 28 (arguing that "the narrowness of the requested injunction limits the harm to Anthropic"). Because Plaintiffs' *Amici* offer no distinctive views to assist this Court in disposing of the present matter, this Court should deny the Motion.[2]

Ultimately, it seems that Plaintiffs' *Amici* belatedly sought to participate in this Motion because they saw that other *amici*—representing broad swaths of the technology industry—had timely submitted a motion in support of Anthropic's opposition. Their belated call to arms to support Plaintiffs underscores this point and why these important issues of first impression should not be decided on such a scant record.

And despite themselves being involved in or aware of other active generative AI litigations—none of which include the same injunctive relief sought in this case—Plaintiffs' *Amici* waited many months to file the Motion, which all but exposes the lack of imminent, irreparable

---

[2] *Amici*'s brief is also inappropriately adversarial to Anthropic, which further suggests that the brief is simply an extension of Plaintiffs' briefing. *See* Ex. A at 7, n.3 (directly targeting Anthropic's declarant in an inflammatory and outright misleading manner). This is not the spirit or purpose of amicus submissions.

harm to Plaintiffs. For example, Plaintiffs' *Amicus* News/Media Alliance Secretary Rebecca Grossman-Cohen is SVP and Chief of Staff to the CEO of *The New York Times*,[3] which is the plaintiff in a pending generative-AI copyright litigation against OpenAI which is very similar to this suit, and ***has not sought preliminary injunctive relief in that action.*** *See The New York Times Company v. OpenAI et al.*, No. 1:23-cv-11195 (S.D.N.Y. Dec. 27, 2023). Similarly, the authors of books published by Plaintiffs' *Amicus* AAP members,[4] such as Simon & Schuster's George RR Martin, are named plaintiffs in another pending generative-AI copyright lawsuit, *Authors Guild v. OpenAI, Inc.,* No. 23-cv-08292-SHS (S.D.N.Y. Sept. 19, 2023), where they have stipulated to have the merits of the case decided in 2025, ***again without any request for preliminary injunctive relief.*** Joint Stipulation and Order Regarding Motions for Summary Judgment Class Certification, and Discovery Schedule, ECF No. 56. Finally, NMPA counts as its members are music publishers, including major music publishers, who have yet to bring suit against any generative AI company, let alone seek the extraordinary remedy of preliminary injunctive relief. *See* Complaint, *Concord v. X Corp.*, 3:23-cv-00606-AT (M.D. Tenn. June 14, 2023) (brought by Plaintiffs and other music publishers and alleging "rampant infringement of copyrighted music" by X, but not seeking preliminary injunctive relief). The Court should not permit these entities to co-opt Plaintiffs' preliminary injunction motion as a stalking horse for their interests in other pending proceedings that betray the lack of imminent, irreparable harm in this new wave of litigation against generative AI companies and should deny Plaintiffs' Motion on that basis (or for lack of personal jurisdiction or proper venue) alone.

---

[3] *See* Board of Directors, News/Media Alliance, https://www.newsmediaalliance.org/about-us/board-of-directors/.

[4] *See* Our Members, AAP, https://publishers.org/who-we-are/our-members/?alph=S.

5

Case 3:23-cv-01092   Document 115   Filed 02/20/24   Page 5 of 9 PageID #: 4343

At a minimum, however, Anthropic deserves an opportunity to test these and other factual issues raised by Plaintiffs' *Amici* in an evidentiary hearing, in the event the Court chooses not to deny the motion on jurisdictional or venue grounds.

## **CONCLUSION**

For the foregoing reasons, Anthropic respectfully requests that the Court deny proposed *Amici*'s Motion as untimely and unnecessary. Should the Court grant the Motion, Anthropic requests it be permitted to respond to *Amici*'s belated arguments during an evidentiary hearing.

<u>Dated</u>:  February 20, 2024

Respectfully submitted,

**NEAL & HARWELL, PLC**

*/s/ Aubrey B. Harwell III*
Aubrey B. Harwell III (BPR # 17394)
Nathan C. Sanders (BPR # 33520)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

**LATHAM & WATKINS LLP**
Joseph R. Wetzel (*pro hac vice*)
Andrew M. Gass (*pro hac vice*)
505 Montgomery St., Suite 2000
San Francisco, CA 94111
(415) 395-8806
(415) 395-6007
joe.wetzel@lw.com
andrew.gass@lw.com

Sarang V. Damle (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(212) 906-1659
sy.damle@lw.com

Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1747
alli.stillman@lw.com

*Counsel for Defendant Anthropic PBC*

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, a true and correct copy of the foregoing document was served via the Court's ECF system upon the following counsel of record:

Matthew J. Oppenheim
Nicholas C. Hailey
Audrey Adu-Appiah
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

Richard S. Mandel
Jonathan Z. King
Richard Dannay
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
rsm@cll.com
jzk@cll.com
rxd@cll.com

Steven A. Riley
Tim Harvey
Grace C. Peck
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tharvey@rjfirm.com
gpeck@rjfirm.com

*Counsel for Plaintiffs*

Eric P. Tuttle
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
eric.tuttle@wsgr.com

Kevin C. Klein
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, TN 37208
kevin.klein@kleinpllc.com

Nicole Saad Bembridge
NetChoice
1401 K Street NW, Suite 502
Washington, DC 20005
nsaadbembridge@netchoice.org

*Counsel for Amici Curiae Chamber of Progress, VA and NetChoice, LLC (Washington, DC)*

Lauren Kilgore
SHACKELFORD, BOWEN, MCKINLEY
& NORTON, LLP
1 Music Circle South, Suite 300
Nashville, Tennessee 37203
(615) 329-4440
LKilgore@shackelford.law


Frank P. Scibilia (*pro hac* vice pending)
Maya Katalan (*pro hac* vice pending)
PRYOR CASHMAN LLP
7 Times Square, 40th Fl.
New York, NY 10036
(212) 421-4100
fscibilia@pryorcashman.com
mkatalan@pryorcashman.com

*Counsel for Amici Curie RIAA, NMPA, AAP, SONA, BMAC, MAC, ARA, A2IM*


Dated: February 20, 2024          /s/  *Aubrey B. Harwell III*
                                       Aubrey B. Harwell III