IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., *Plaintiffs*, v. ANTHROPIC PBC, *Defendant*. | Case No. 3:23-cv-01092<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair Newbern |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

Recording Industry Association of America, National Music Publishers' Association, the Association of American Publishers, Inc., News/Media Alliance, Songwriters of North America, Black Music Action Coalition, the Music Artists Coalition, Artist Rights Alliance, and American Association of Independent Music (collectively, "*Amici*") respectfully submit this reply memorandum in further support of their motion ("Motion") for leave to file an *amicus* brief ("Brief" or "Br.") in support of the plaintiffs' motion for a preliminary injunction (ECF No. 40) ("PI Motion") against defendant Anthropic PBC ("Anthropic").

Anthropic opposes the Motion,[1] attempting to silence the voices of nine trade organizations that represent the owners of some of this country's most valuable copyrighted content. Anthropic apparently has no philosophical objection to *amicus* briefing on the PI Motion, having consented to the filing of an *amicus* brief supporting Anthropic, by Chamber of Progress and Net Choice, LLC (together, "COP"). However, Anthropic would not extend the same courtesy to

---

[1] Defendant Anthropic PBC's Opposition to Motion for Leave to File Brief as Amici Curiae (ECF No. 115) ("Opposition" or "Def's Opp.").

*Amici*, who disagree with Anthropic's position. Anthropic's self-serving, *amici*-for-me-but-not-for-thee approach should be rejected.

Anthropic's primary argument is that the Motion "is untimely." (Def's Opp. at 1.) It is not. *Amici* could not have responded to the arguments of Anthropic and COP before those arguments were made for the first time.[2] And Anthropic concedes that "this Court does not have a specific rule governing the timing of amicus briefs." (*Id.* at 2.) The timing rule Anthropic has invented would allow any party opposing a motion in district court to have its friendly *amici* submit surprise briefs opposing the motion – such as COP's *amicus* brief ("COP Br.") – while categorically prohibiting as "untimely" any *amicus* briefs in response.[3] Anthropic cites no jurisprudence supporting any such prohibition, and indeed, this Court has permitted *amicus* briefing in support of a motion to be filed after submission of opposition papers. *See Foreman v. Five Star Food Serv., Inc.*, No. 3:11–cv–01124, 2013 WL 5675899, at *1, 4 (M.D. Tenn. Oct. 18, 2013) (addressing *amicus* brief allowed by the Court that supported motion and was submitted after filing of opposition).[4] Anthropic's suggested prohibition would also deprive the Court of the benefit of hearing industry perspectives on **both** sides of the issues that the PI Motion and the Opposition

---

[2] *Amici's* Brief responded to COP's and Anthropic's arguments and was submitted in far less time (26 days from COP's submission and 29 days from Anthropic's) than COP took to respond to the PI Motion (64 days from Plaintiffs' moving papers).

[3] The adoption of Anthropic's proposed timing rule could result in the proliferation of *amicus* briefs filed in support of movants just in case other *amici* later file submissions in support of the party opposing the motion. Such briefs would be less helpful to the Court as they would need to anticipate what the party opposing the motion and any *amici* filed in support of the opposition **might** say. Especially where there is no rule governing *amicus* briefs in this Court and *amicus* briefing is relatively rare in the district courts, it is the better policy, when *amicus* briefs are filed in opposition to a motion, to permit responding *amicus* in turn.

[4] Anthropic's reliance on *Bounty Minerals, LLC. v. Chesapeake Explorers, LLC* is misplaced. *See* Case No. 5:17cv1695, 2019 WL 7048981, at *4, *10 (N.D. Ohio Dec. 23, 2019) (proposed *amicus* did not seek leave until seven months after the parties completed summary judgment briefing and "just three days prior to oral argument," and provided no "meaningful explanation" for its delay).

2

present. *See American Coll. of Obstetricians and Gynecologists v. FDA*, 467 F. Supp. 3d 282, 292-93 (D. Md. 2020) (accepting further *amicus* briefing that could "provide additional information that will help this Court resolve" a key issue where "several other" *amici* had "already filed amicus briefs to offer their additional perspectives").

Anthropic also argues that it has somehow been prejudiced by an inability to respond to the arguments in *Amici's* Brief. (Def's Opp. at 2-3.) But Anthropic **has** responded to Amici's arguments in its Opposition. (*See, e.g., id.* at 3-5 (responding to *Amici's* arguments regarding fair use, the potential harm to licensing markets, and the procedural posture of other AI cases).) Anthropic's self-help eliminates its proffered reason for denying the Motion. Anthropic's claim of prejudice is also irreconcilable with its argument that *Amici* supposedly expressed no "arguments or views beyond what Plaintiffs have already presented." (*Id.* at 3.)

Anthropic's assertion that the Brief is somehow also not within the proper purpose of *amicus* submissions is meritless. (*See id.* at 3-4 & n.2.) The Brief is intended to provide "valuable assistance" to the Court by, *inter alia*, "collect[ing] background [and] factual references" of note while offering the perspective of nine trade organizations ("entities with particular expertise") and elucidating "the impact a potential holding might have" on the copyright industries. *Neonatology Assocs., P.A., v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). It also cannot be the case that COP's brief, which Anthropic supports, represents a proper *amicus* submission while *Amici's* brief, directly responding to COP, does not. (*Compare, e.g.,* COP Motion for Leave (ECF No. 75) at 1 (preliminary relief requested by Plaintiffs supposedly "poses a substantial threat to the public interest in development and availability of generative AI technology"), COP Br. at 1 (relief sought would purportedly "stifle the promise and potential" of generative AI), *with* Br. at 6-8 (injunction and compliance with copyright law does ***not*** threaten the benefits of AI technology identified by

COP and Anthropic; no factual or legal basis for "defense" that it is too difficult to license); *compare also* COP Br. at 1, 3, 11-14 (claiming PI Motion presents "novel and complex legal and factual issues") *with* Br. at 11-15 (factual and legal issues are not novel and complex and PI Motion can be decided by "applying well-established copyright principles to admitted facts"); *compare also* COP Br. at 14 n.31 (characterizing Plaintiffs' demand for relief as "sweeping") *with* Br. at 15-16 (injunction sought by Plaintiffs is narrow and will not result in harm).)[5]

Finally, Chamber of Progress and NetChoice, LLC are funded by Google and Amazon, among others, who themselves are developing AI products and have invested in Anthropic. (Br. at 9 & n.11.) Thus, they have a significant stake in Anthropic being permitted to use copyrighted content without payment to the copyright owners represented by *Amici*. (*Id.*) If those entities – which Anthropic claims represent "broad swaths of the technology industry" (Def's Br. at 4) – are granted leave to have their say, so too should the *Amici*, who represent broad swaths of the copyrighted content industry.

---

[5] Another of COP's primary arguments is that AI technology may prove beneficial to society (COP Br. at 3-10). *Amici* show that argument to be irrelevant to the PI Motion. (Br. at 5-7.) *Amici* also show that, while COP and Anthropic exclusively trumpet AI's potential, such technology is fraught with considerable risks, citing a public statement joined by Anthropic's declarant, Mr. Kaplan, noting the "risk of extinction from AI." (*See* Br. at 7 n.3.) Anthropic incredibly argues that *Amici's* citation was somehow "inappropriately adversarial" and an "inflammatory" targeting of Mr. Kaplan. (Def's Opp. at 4 n.2.). Nothing could be further from the truth – *Amici* brought this statement to the Court's attention in response to the many pages that COP and Anthropic devote in their briefs to arguments that AI technology is beneficial to society – and *Amici* respectfully direct the Court to the actual text of the footnote and the cited statement, signed by Mr. Kaplan, his fellow Co-Founder, and Anthropic's CEO and President. Moreover, the New York Times reported last week that Anthropic's CEO has elsewhere stated that AI presents a 10-to-25 percent chance of destroying humanity. E. Griffith and C. Metz, *Inside the Funding Frenzy at Anthropic, One of A.I.'s Hottest Start-Ups*, N.Y. TIMES (Feb. 20, 2024), https://www.nytimes.com/2024/02/20/technology/anthropic-funding-ai.html, *citing interview available at https://youtu.be/GLv62w2G6os?si=EIN653AT83vsQSt_* ("My chance that something goes quite catastrophically wrong on the scale of human civilization might be somewhere between ten and twenty-five percent.").

4

## CONCLUSION

For the foregoing reasons and those set forth in *Amici's* moving papers, *Amici* respectfully request that the Court grant them leave to file the Brief of *Amici Curiae* annexed to the Motion as Exhibit A.

Dated: February 27, 2024	Respectfully submitted,

**SHACKELFORD BOWEN MCKINLEY & NORTON, LLP**

*/s/ Lauren Kilgore*_____
Lauren Kilgore (TN Bar No. 30219)
Jacob T. Clabo (TN Bar. No. 36760)
1 Music Circle South, Suite 300
Nashville, Tennessee 37203
(615) 329-4440
lkilgore@shackelford.law
jclabo@shackelford.law

**PRYOR CASHMAN LLP**

Frank P. Scibilia (*pro hac vice* admission pending)
Maya Katalan (*pro hac vice* admission pending)
7 Times Square, 40th Fl.
New York, NY 10036
(212) 421-4100
fscibilia@pryorcashman.com
mkatalan@pryorcashman.com

*Counsel for Amici*

**CERTIFICATE OF SERVICE**

I certify that that I authorized the electronic filing of a true and exact copy of the *Reply Memorandum of Law in Further Support of Motion for Leave to File Brief as Amici Curiae*, with the Clerk of the Court using the CM system on February 27, 2024, which sent notice of such filing to the following:

Andrew Guerra, Esq.
Jennifer Pariser Esq.
Timothy Seungmin Chung, Esq.
OPPENHEIM & ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
andrew@oandzlaw.com
jpariser@oandzlaw.com
tchung@oandzlaw.com

Matthew J. Oppenheim, Esq.
Nicholas C. Hailey
OPPENHEIM & ZEBRAK, LLP
4530 Wisconsin Ave. N.W., 5th Floor
Washington, DC 20016
matt@oandzlaw.com
nick@oandzlaw.com

Richard Dannay, Esq.
Richard S. Mandel, Esq.
Jonathan Z. King, Esq.
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street, Suite 2100
New York, NY 10036
rxd@cll.com
rsm@cll.com
jzk@cll.com

Audrey Adu-Appiah, Esq.
OPPENHEIM & ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
aadu-appiah@oandzlaw.com

Steven Allen Riley, Esq.
Grace Peck, Esq.
Timothy G. Harvey, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
gpeck@rjfirm.com
tharvey@rjfirm.com

*Attorneys for Plaintiffs*

Allison Levine Stillman (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020-1345
(212) 906-1200
alli.stillman@lw.com

Joseph R. Wetzel, Esq.
Andrew M. Gass (*admitted pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
joe.wetzel@lw.com
andrew.gass@lw.com

Sarang V. Damle, Esq.
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
sy.damle@lw.com

Aubrey B. Harwell III, Esq.
Nathan C. Sanders, Esq.
Olivia R. Arboneaux, Esq.
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

*Attorneys for Defendant*

Kevin C. Klein, Esq.
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, TN 37208
kevin.klein@kleinpllc.com

Nicole Saad Bembridge, Esq.
NETCHOICE, LLC
1401 K St. NW, Suite 502
Washington, DC 20005
nsaadbembridge@netchoice.org

Eric P. Tuttle, Esq.
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
eric.tuttle@wsgr.com

*Attorneys for Amicus, NetChoice, LLC and Chamber of Progress, VA*

                                               */s/ Lauren Kilgore*